### COHN v. WAHN.

(Supreme Court, Appellate Division, First Department.   June 18, 1909.)

1. PARTNERSHIP (§ 325*)—DISSOLUTION—GROUNDS OF RECEIVERSHIP.
   Code Civ. Proc. § 713, provides that a receiver may be appointed before final judgment where there is danger that property which is the subject of the action will be removed beyond the jurisdiction, materially injured, or destroyed. *Held*, that where, in an action for dissolution of a partnership and for an accounting, it appeared that defendant had entire management of the partnership business, that it had been very successful and large profits had been made, that plaintiff had drawn more profits than

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant, that proper books of account were kept, that no moneys were paid out without a voucher, that defendant was financially responsible, and that plaintiff was financially irresponsible, there was no necessity for the appointment of a receiver before final judgment.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 757–767; Dec. Dig. § 325.*]

**2. RECEIVERS (§ 16*)—GROUNDS FOR APPOINTMENT.**

A receiver pending litigation of a going concern should not be appointed, unless it appears that otherwise the interests of the parties, or some of them, will be jeopardized.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 24, 28; Dec. Dig. § 16.*]

Appeal from Special Term, New York County.

Action by Dora Cohn against Charles Wahn. From an order appointing a receiver, defendant appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and McLAUGHLIN, JJ.

Henry A. Friedman, for appellant.
Adolph Frayer, for respondent.

McLAUGHLIN, J. The plaintiff and defendant are copartners engaged in running a hotel; each having a one-half interest. The plaintiff acquired, with the consent of the defendant, her interest in the partnership from her husband. No time was mentioned for the continuance of the partnership, other than such as may be inferred from the fact that a lease of the hotel was taken for a term of years which does not expire until May 1, 1921. A controversy having arisen between them, principally as to employés in the hotel, this action was brought for the dissolution of the partnership, an accounting, payment of the debts and division of the assets, and for the appointment of a receiver. After the commencement of the action, upon motion of the plaintiff, an order was made appointing a third party receiver pendente lite, from which the defendant appeals.

The motion was made upon the summons and complaint and affidavits of the plaintiff, of her husband, and of one Fryer, which state in a general way that the defendant has refused to keep proper books of account, has squandered the assets of the firm or converted the same to his own use in an amount largely in excess of that to which he is entitled, and has employed and continues to employ unfit, improper, and incapable employés. Such allegations are emphatically denied by the defendant, and he is corroborated by the affidavits of several persons, each of whom is familiar with the manner in which the business is conducted. In addition to this, the defendant shows that he has had the entire management of the partnership business and that it has been very successful; that it represents an original investment of about $12,000, and since it was formed, in 1905, the profits have been nearly $30,000, of which one-half has been paid to the plaintiff or her husband; that the plaintiff has drawn more profits from the business than the defendant has; that proper books of account are kept; that no moneys are paid out without a voucher; that the defendant is finan-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cially responsible, worth at least $50,000, and able to pay any judgment which plaintiff may obtain against him; and that the plaintiff is financially irresponsible.

That there is a disagreement between the parties is apparent, and it may be that by reason of this feeling the partnership should be dissolved; but this alone does not justify the appointment of a third party as receiver prior to final judgment. Until final judgment has been recovered decreeing a dissolution, a receiver ought not to be appointed, unless there is danger that the partnership property will be removed beyond the jurisdiction of the court, lost, materially injured, or destroyed (Code Civ. Proc. § 713); and the papers do not satisfactorily establish that any of these things will occur. The success of the business depends largely upon the personal efforts of the defendant, and to supersede him with a stranger to the business might result in serious loss to both parties. The fact that the business has been managed successfully by defendant is not controverted, nor is it questioned but that he is financially able to respond to any judgment which the plaintiff may recover. A receiver pending litigation of a going concern is not to be appointed at the mere suggestion of a party who is not satisfied with the management. On the contrary, such appointment ought never to be made, entailing, as it necessarily does, large expense and a possibility of serious injury to the business, unless it satisfactorily appears that the interests of the parties, or some of them, will be jeopardized unless the appointment be made. Joseph v. Herzig (recently decided by this court, not yet officially reported) 115 N. Y. Supp. 330; Shubert v. Laughlin, 122 App. Div. 701, 107 N. Y. Supp. 708; Greenwald v. Gotham-Attucks Music Co., 118 App. Div. 29, 103 N. Y. Supp. 123; Hastings v. Tousey, 121 App. Div. 815, 106 N. Y. Supp. 639.

There is no necessity for the appointment of a receiver in the present case. The defendant should be permitted to continue the business without the intervention of a receiver until final judgment, upon giving an undertaking as prescribed in section 1947 of the Code of Civil Procedure. The plaintiff's interest will in this way be amply protected and the expense of the receivership avoided.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and an order made in lieu thereof authorizing the business to be conducted by the appellant during the pendency of the action upon his executing and filing an undertaking in the sum of $5,000, under section 1947 of the Code of Civil Procedure. All concur.