E. H. A. SUCCESSOR CORP., Respondent, v. SOL VOGEL, Appellant.

First Department, May 12, 1964.

*Joseph Calderon* of counsel (*Sydney U. Craig* with him on the brief; *Shemitz & Craig,* attorneys), for appellant.

*Alexander Teitler* for respondent.

STEVENS, J. Defendant appeals from an order entered February 25, 1964, which order, *inter alia,* appointed a receiver for premises 237 Madison Avenue, Manhattan; enjoined and restrained defendant *pendente lite* from interfering with operation and management of the premises, and from enforcing or attempting to enforce a judgment obtained in Civil Court.

June 1, 1959, one Arthur Felber executed a 25-year lease with a renewal option for 25 years (herein referred to as the major or overlease) of premises 237 Madison Avenue (a hotel) with Elm Hotel Corporation. June 1, 1960, this lease was assigned by Elm Hotel to Executive Hotel Associates, a limited partnership for a sum in excess of $400,000, and still later on September 14, 1963, assigned by Executive Hotel Associates, by Jay Glatstian (or Glatstein), surviving general partner, to plaintiff E. H. A. Successor Corp., which, by its president, Jay Glatstian, accepted and assumed performance of the lease. Plaintiff E. H. A. Successor Corp. was incorporated September 9, 1963, as the successor to Executive Hotel Associates, a limited partnership.

June 1, 1960, Executive Hotel Associates, a limited partnership, executed a sublease of the premises, for a term coextensive with the major lease, with Elm Hotel Corp. (Elm) which deposited $25,000. This sublease was modified in vital respects by an agreement dated September 3, 1963. Also on June 1, 1960, Elm Hotel Corp. executed a bill of sale of chattels in premises

237 Madison Avenue to Executive Hotel Associates and delivered the same as collateral security to Executive Hotel Associates in connection with the assignment of the June 1, 1959 overlease. On September 14, 1963, the sublease, the security and the bill of sale were all assigned to plaintiff E. H. A. Successor Corp.

To understand the bare recital of transactions and to bring the present appeal into clearer focus, several matters should be pointed out. On June 1, 1959, when the major lease was executed, Elm consisted of three principal stockholders, Glatstian, Rosenfeld and Peller. They combined to form the limited partnership of Executive Hotel Associates. On May 23, 1960, Glatstian and Rosenfeld became the sole general partners, with one limited partner, Peller, to acquire an assignment of the leasehold from Elm. About May 23, 1960, Executive Hotel Associates launched a real estate syndication and wound up with some $452,000 cash and 168 limited partners. On June 1, 1960, the sublease and bill of sale previously referred to were executed. The sole assets of the limited partnership were the lease, sublease, $25,000 deposit (a part of the $452,000) and two promissory notes in the amount of $7,500 each, one executed by Glatstian, the other by Rosenfeld. Glatstian and Rosenfeld were president and vice-president respectively of Elm Hotel Corp., and they signed the lease as general partners on behalf of the limited partnership, while Peller, the original limited partner, signed as acting treasurer on behalf of Elm. Glatstian is supposed to have bought out Rosenfeld's interest in 1963, and to have become the sole surviving general partner.

The limited partners were to receive dividends in the form of rent from Elm. Beginning in December, 1962, Elm defaulted in payment of rent. Defendant-appellant Vogel, one of the limited partners, says the $25,000 and the two notes were to be used for payment of dividends in the event of a default by Elm. Instead, in February, 1963, Glatstian called a meeting of the general partners and some of the limited partners and sought permission to use the $25,000 to pay off obligations of Elm. Permission was refused. Subsequently a meeting of the limited partners was held, of which Glatstian had notice. Nothing was accomplished with respect to the two notes or the $25,000. Subsequently and about September 3, 1963, Executive Hotel Associates as landlord instituted a summary proceeding against Elm as tenant for nonpayment of rent of $51,306.64 then due. Vogel verified the petition as agent.

Also on September 3, 1963, Glatstian, a general partner of Executive Hotel Associates, executed an agreement with Execu-

tive Hotel on Madison Avenue, Ltd., successor corporation to Elm, reducing and modifying obligations of Elm, which affected also the $25,000 deposit and the two promissory notes. Glatstian's son, Charles, signed as secretary on behalf of Executive Hotel on Madison Avenue, Ltd. (Elm), and of 237 Hotel Corp., apparently joined as insurance.

On or about September 9, 1963, Glatstian caused to be formed the plaintiff corporation E. H. A. Successor Corp., and about September 14, 1963, transferred all of the assets of Executive Hotel Associates, a limited partnership, to it. Thereafter on October 30, 1963, Glatstian as general partner filed a certificate of cancellation for the limited partnership.

January 8, 1964, a decision was rendered and judgment entered in the Civil Court action in favor of the landlord, Executive Hotel Associates (41 Misc 2d 354). Elm filed a notice of appeal to the Appellate Term but did not at that time file a bond to cover the judgment (CPLR 5519).

Meanwhile plaintiff, by order to show cause, sought a stay and other relief against defendant Vogel. The stay was granted in an order which also appointed a receiver. Vogel appeals therefrom.

The final order in the Civil Court proceeding awarded possession of the premises to Executive Hotel Associates, as landlord, and the judgment was entered in its favor. The action was not by, nor the judgment for, Vogel individually. The present action sues Vogel individually and not in any representative capacity. It fails to state a cause of action against him. Again, while plaintiff asserts there was a transfer of the interest and assets of Executive Hotel Associates to it while the Civil Court proceeding was pending, it made no move to be substituted or joined as a party in such proceeding (CPLR 1018, 1003).

In the present action plaintiff, though not a party to the Civil Court proceeding but presumably acting as successor to the successful plaintiff in that proceeding, seeks a stay of its predecessor in interest from attempting to collect the judgment or move against the defaulting tenant. Much, if not all of the difficulties arise because Glatstian in this whole picture is both Tweedledum and Tweedledee. He dealt constantly with himself as general partner on behalf of the limited partnership, and with himself as chief officer of the various corporate entities involved. Moneys, leases and rights were shifted, theoretically, from his left to his right pocket, or vice versa, in total disregard and apparently to the attempted destruction of the interests of the limited partners. Special Term, probably sensing the situation, in the exercise of its equitable powers, moved in to

conserve the assets and to protect the limited partners. Certainly the situation cries for correction and clarification, and even the application of possibly unorthodox procedure.

Accordingly, the order appealed from should be modified to require an amendment of the pleadings within 20 days after service of a copy of this order so as to add as parties plaintiff or defendant all indispensable and even proper parties with leave to defendant to interpose defenses and counterclaims in his individual or representative capacity. As so modified the order should be otherwise affirmed, without costs to either party, and with leave to defendant, after the pleadings are in proper form, to move to vacate the appointment of the receiver.

BOTEIN, P. J., BREITEL, VALENTE and EAGER, JJ., concur.

Order, entered on February 25, 1964, unanimously modified to require an amendment of the pleadings within 20 days after service of a copy of the order entered herein so as to add as parties plaintiff or defendant all indispensable and even proper parties with leave to defendant to interpose defenses and counterclaims in his individual or representative capacity. As so modified the order is otherwise affirmed, without costs to either party, and with leave to defendant, after the pleadings are in proper form, to move to vacate the appointment of the receiver. Settle order on notice.