Abraham A. Berry, J.
The judgment creditor, by order to show cause, has applied for an order appointing a receiver pursuant to the provisions of CPLR 5228. This motion was granted by default with a direction that an order be submitted. Such proposed order has been submitted in which the judgment *737 creditor asks that it be appointed receiver of the property of the judgment debtor.
Two questions are immediately apparent to the court: (1) May a bank be appointed receiver in supplementary proceedings? (2) Whether a judgment creditor may be appointed receiver? In answer to the first question, the only decision that the court has been able to find is Matter of Wilkins (131 Misc. 188, 193) where the late Surrogate Slater stated, inter alia, as follows: “ Business banks are chartered by both the State and the Nation. They may now serve as guardian, receiver, trustee.” He did not state the basis for this ruling. However, subdivision 4 of section 100-a of the Banking Law reads as follows: “ Receiver, trustee or committee. Any court, having jurisdiction to appoint a committee or trustee or a receiver in insolvency or bankruptcy proceedings or in any other proceeding, or action, under state or federal law, may appoint any trust company to be such receiver, trustee or committee.” It would appear, therefore, that such power of appointment does exist.
In answer to the second question, one must examine the provisions of CPLR 5228. While there does not appear to be any express language authorizing the appointment of the judgment creditor as the receiver, the following language does appear (in subd. [a]): “ A receiver shall be entitled to necessary expenses and to such commissions, not exceeding five percent of the sums received and disbursed by him, as the court which appointed him allows, but if a judgment creditor is appointed receiver, he shall not be entitled to compensation.” (Italics ours.) It necessarily follows that there is no prohibition against such an appointment. The court has, therefore, signed the proposed order appointing Franklin National Bank as receiver without compensation.