■ DEBORAH SEALY, Respondent, v ROBERT SEALY, Appellant.—In a matrimonial action in which plaintiff-respondent was previously granted a judgment of divorce, which judgment contained alimony and child support provisions, defendant appeals from an order of the Supreme Court, Queens County, dated October 1, 1976, which *inter alia,* appointed plaintiff receiver in sequestration of the retail wine and liquor business and personal property of the defendant located within the State and directed the docketing of a money judgment in her favor and against the defendant in the amount of $6,240. Order affirmed, with $50 costs and disbursements. By order dated February 5, 1975 defendant was adjudged in arrears in child support and alimony payments and, upon the stipulation of the parties, the arrears were fixed at $3,050. On March 20, 1975 a money judgment was ordered to be docketed because of defendant's failure to make timely payment. By order dated May 27, 1975 defendant was adjudged guilty of contempt for his failure to pay that amount. He was permitted to purge his contempt by payment of the fine of $3,050 in installments of $15 per week, concurrent with current support payments. Upon defendant's continued failure to make support payments, the present application was brought on, seeking, *inter alia,* a judgment for the arrears and the appointment of plaintiff as receiver of defendant's property located within the State. At the hearing defendant presented no valid reason why support payments were not being made. He testified that he is the sole owner of R. O. Sealy Wines and Liquors, a corporation involved in the retail sale of wines and liquors, but presented no acceptable evidence of the financial condition of the corporation. There is therefore no basis for his claim that the appointment of plaintiff as a receiver pursuant to CPLR 5228 was an abuse of discretion. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.

■ PAMELA UEBELACKER et al., Respondents, v JOANNE LAMPEL, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Suffolk County, dated October 5, 1976, which granted plaintiffs-respondents' motion to set aside the jury verdict in favor of the defendant as being contrary to the weight of the evidence, and directed that a new trial be held. Order affirmed, without costs or disbursements, upon the memorandum of the Trial Justice. In addition, we would point out that there were errors in the charge to the jury with respect to skidding. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.