■ In the Matter of ANN M. MELLUZZO, Appellant, v DOMENICK MELLUZZO, Respondent.—In a proceeding to enforce a money judgment, the plaintiff appeals (1) from an order of the Supreme Court, Kings County, dated September 21, 1977, which denied her application pursuant to CPLR 5228 for the appointment of a receiver and (2) as limited by her brief, from so much of a further order of the same court, dated October 24, 1977, as, upon reargument, adhered to the original determination. Appeal from the order dated September 21, 1977 dismissed as academic. That order was superseded by the order made upon reargument. Order dated October 24, 1977 reversed insofar as appealed from, application granted, and proceeding remanded to Special Term for the appointment of a receiver. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. Plaintiff-appellant and defendant-respondent are wife and husband. When defendant failed to pay plaintiff the sum of $7,500, pursuant to an agreement between the parties, plaintiff sued and recovered judgment. However, during the pendency of that action, defendant confessed judgment in favor of his mother and brother in the amount of $32,508. That judgment was docketed in Kings County and constitutes a lien upon defendant's real property in that county. Plaintiff has commenced an action to set aside the confessed judgment as a fraud against creditors. However, plaintiff has also moved for the appointment of a receiver of defendant's property. Under the circumstances, a receiver should have been appointed. It is clear that defendant's property must be managed during the pendency of the enforcement proceeding. Moreover, there is at least the risk of insolvency and a substantial possibility of fraud against creditors. All of these factors militate in favor of the appointment of a receiver (see 6 Weinstein-Korn-Miller, NY

Civ Prac, par 5228.04). Moreover, there is no less expensive remedy which would effectively protect plaintiff's rights against defendant. Titone, J. P., Suozzi, Margett and O'Connor, JJ., concur.