■ BERNARD W. GIMBEL, Appellant, v KAREN D. REIBMAN et al., Respondents. — In an action, *inter alia,* to partition certain real property, plaintiff appeals from an order of the Supreme Court, Queens County, entered April 3, 1980, which denied his motion for appointment of a temporary receiver. Order reversed, without costs or disbursements, and motion granted. Although appointment of a temporary receiver is an extreme remedy which is not lightly granted *(Hahn v Garay,* 54 AD2d 629), the plaintiff has satisfied the requirements of CPLR 6401 (subd [a]) and is entitled to such relief. There is no question that he has an apparent interest in the property, either through a 25% fee ownership or through the same percentage interest in a joint venture for the ownership and management of the property. Plaintiff also has established a danger of material injury to the property. Although we discredit his suggestion that defendants may not be collecting rent from the property's commercial tenant, the defendant's concede that they have commingled that income with

the income derived from other property or properties. Such act creates a situation ripe for dilution of the income assets and harm to the interests of the nonparticipatory joint venturer *(Jones v Cuffee,* 49 AD2d 883; *E. G. A. Successor Corp. v Vogel,* 21 AD2d 176). Furthermore, the serious and uncontroverted allegation regarding the corporate defendant's solvency, and the consequent uncertainty whether that party would be able to satisfy a judgment against it, underscore the need for a receiver to insure the property's continued worth pending adjudication of the dispute on the merits (cf. *Cohn v Wahn,* 132 App Div 849). Titone, J. P., Gibbons, Margett and O'Connor, JJ., concur.