■ SOMERVILLE HOUSE MANAGEMENT, LTD., Appellant, v AMERICAN TELEVISION SYNDICATION COMPANY, INC., et al., Respondents. — Order of the Supreme Court, New York County (Ascione, J.), entered November 21, 1983, which denied plaintiff's motion for appointment of a temporary receiver, is unanimously reversed, on the law and facts, and the motion granted, with costs and disbursements payable to plaintiff. Order of the Supreme Court, New York County (A. M. Myers, J.), entered December 6, 1983, which denied plaintiff's motion for partial summary judgment against defendant American Television Syndication Company, Inc., is affirmed, without costs. ¶ Plaintiff Somerville House Management, Ltd. (Somerville) is a Canadian corporation which, *inter alia,* represents investors who provide financing for theatrical properties including television series. The corporate defendant American Television Syndication Company, Inc. (ATS) is a New York corporation which distributes television programs. The individual defendant O'Daly is the chief executive officer and controlling shareholder of ATS. Plaintiff executed an agreement

with ATS and a third party, dated October 15, 1982. ¶ The agreement gave ATS the right to distribute 13 one-hour programs of the 1983 television series entitled "An Evening at the Improv". Plaintiff entered into the contract as the representative of persons who provided financing for the production of these programs. The agreement gave plaintiff Somerville the right to receive all proceeds from the distribution of the programs by defendant ATS, except for certain specific costs and fees. All proceeds were to be segregated and maintained in a separate bank account and plaintiff was given a security interest in them. The agreement also guaranteed that plaintiff would be paid at least $676,000 by September 30, 1983. ¶ During March of 1983, plaintiff allegedly learned that defendant ATS was in breach by failing to establish separate trust accounts, commingling funds received with other accounts and failing to inform various licensees to pay distribution fees to the trust account. Through a letter dated March 22, 1983, plaintiff's counsel informed defendants of their default under the terms of the agreement and sought to have defendants cure their defaults. When this and subsequent correspondence failed to resolve the dispute, the instant action was commenced. Plaintiff also moved for a temporary receiver pursuant to CPLR 6401 (subd [a]) by order to show cause containing a temporary restraining order enjoining defendants from withdrawing the funds in the trust account. ¶ Special Term denied the motion for appointment of a receiver and vacated the temporary restraining order (which was reinstated by an order of this court on December 20, 1983) holding, *inter alia:* "There has not been an adequate demonstration by plaintiff that there is a substantial likelihood that the assets will be subject to waste or mismanagement [citation omitted]. Additionally, it appears that the parties herein are not alone in their interest in the fund and that other investors have not been made a party to this motion although their interests may be adversely affected." ¶ We disagree and find that plaintiff did show by clear and convincing proof that there was a danger of irreparable loss and damage warranting the admittedly drastic remedy of appointing a temporary receiver (see *Gimbel v Reibman,* 78 AD2d 897). The proof submitted supports the plaintiff's contention that defendants are on the verge of insolvency or may dissipate the assets. It also appears that defendants have failed to set up a separate trust account for the deposit of all proceeds derived from the programs of plaintiff. Further, defendants have freely commingled proceeds from the plaintiff's programs with other funds. Moreover, the guaranteed payment of $676,000 due no later than September 30, 1983, was not paid. In addition, it appears that defendants have failed to prepare and file Uniform Commercial Code financing statements reflecting a security interest given to plaintiff as required by the agreement. Accordingly, plaintiff did satisfy the requirements of CPLR 6401 (subd [a]) justifying the appointment of a temporary receiver. ¶ Defendants assert that appointment of a receiver would affect the moneys of third parties who are not joined in this action. As noted *supra,* Special Term cited this as an additional ground for denying such appointment. However, this contention is without merit. Scotia Financial Corporation, Ltd., which owns 9/13 of the remaining interest in the commingled moneys, has indicated that it has also not been paid the sums due it from ATS and indorses the motion for a temporary receiver. In addition, we note that the remaining interested party, Investors Film Management Corporation, Inc., threatened to sue ATS in a telex dated September 22, 1983, for defendants' default on an obligation to it. It does not therefore appear that the rights of these third parties will be adversely affected by the appointment of a receiver. ¶ Special Term properly denied plaintiff's motion for partial summary judgment on the minimum guarantee of $676,000. At the time this action was commenced in August, 1983, such cause of action had not yet accrued and plaintiff failed to amend the

complaint to include a cause of action for nonpayment under the guarantee. Moreover, although as plaintiff asserts, defendants might have been on notice of such cause of action, their opposition papers raise the possibility of a defense and setoff to plaintiff's claim under the guarantee. All these conflicting claims, defenses and counterclaims can best be resolved together, particularly since plaintiff's rights should be adequately protected in the interim by the appointment of the temporary receiver. ¶ Settle order. Concur — Kupferman, J. P., Ross, Asch, Silverman and Lynch, JJ.