■ CLARK LEFEBVRE, as Administrator of the Estate of ANN E. WITBECK, Deceased, Respondent, v GALE D. SHEA et al., Appellants. [622 NYS2d 151] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Conway, J.), entered September

21, 1993 in Albany County, which granted plaintiff's motion for the appointment of a temporary receiver.

Plaintiff, the administrator of the estate of Ann E. Witbeck, brought this action charging defendant Gale Shea, who served as decedent's conservator for 12 years, and defendant James T. Shea, her husband, with, among other things, fraud, conversion and breach of fiduciary duties, including misappropriation of the conservatee's funds. Supreme Court granted plaintiff's request for the appointment of a temporary receiver to take possession of, and to collect the rents from, an apartment building owned by defendants.

Considering the totality of the circumstances, Supreme Court did not abuse its discretion by appointing a receiver in this case, which has as its subject the specific funds of decedent's estate (see, Meurer v Meurer, 21 AD2d 778), and in which the relief sought comprehends an accounting of the defendants' handling of those funds. Significantly, the record of a prior proceeding, in which a review of Gale Shea's final accounting of the conservatorship was had, provides ample indication that defendants commingled estate funds with their own, and engaged in conduct in connection with their management of conservatorship assets that is highly suspect, if not fraudulent—the disposition of some $790,000 is inadequately accounted for or insufficiently explained. It also appears that a considerable portion of the estate assets may have been funneled into defendants' personal bank accounts, from which they may be traceable to the apartment building in question. While defendants have attempted to demonstrate that they purchased the building with a loan secured by a mortgage on their primary residence and seller financing, their showing in this regard is not conclusive.

Plaintiff has also met his burden of demonstrating a likelihood that the property would be "materially injured or destroyed" if a receiver were not appointed (CPLR 6401 [a]). Defendants' financial status is far from secure, and it appears that much of the estate has already been dissipated (see, Somerville House Mgt. v American Tel. Syndication Co., 100 AD2d 821, 822; Gimbel v Reibman, 78 AD2d 897, 897-898; cf., Wong v Wong, 161 AD2d 710, 711). Moreover, the record evidence establishes that defendants have failed to pay the real property taxes owed with respect to the building at issue, placing it at risk of being sold at a tax foreclosure proceeding. In short, Supreme Court acted prudently in appointing a receiver to preserve the property pending resolution of plaintiff's claims thereto.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.