OPINION OF THE COURT
Thomas A. Stander, J.
The judgment creditors, James V. Aquavella, M.D., and Allan M. Robbins, M.D., formerly doing business as Genesee Valley Eye Institute (hereinafter judgment creditor), submit a motion seeking the following relief:
1. Order, pursuant to CPLR 5223, compelling the judgment debtor, EquiMed, Incorporated, to appear, by its president, for a deposition upon oral examination, and to produce certain specified books, papers, and records at said deposition, on a date specified by the court;
2. Order, pursuant to CPLR 5228, appointing a receiver to collect, administer, and dispose of certain specified properties belonging to EquiMed in order to satisfy the judgment filed herein;
3. Order, pursuant to CPLR 5225, compelling the judgment debtor to turn over certain specified personal property to the receiver, for purposes of sale by the receiver, in order to satisfy the judgment filed herein; and
4. Such other and further relief as to the court may appear to be proper, just and equitable.
ENFORCEMENT PROCEDURES
The judgment creditor seeks an order compelling the judgment debtor, EquiMed, Incorporated, to appear by its president for a deposition pursuant to the requirements of CPLR 5223. To compel disclosure, the judgment creditor must serve a subpoena upon the president. The types of subpoenas authorized by CPLR article 52 for enforcement of money judgments are the subpoena requiring a person to appear and be questioned, a subpoena duces tecum requiring the production of a tangible item, and an information subpoena requiring certain questions be answered. (CPLR 5224.)
*324 The CPLR specifically addresses the service of a subpoena for a deposition or of a subpoena duces tecum. Service of a subpoena requiring attendance or a subpoena duces tecum “shall be served in the same manner as a summons” (CPLR 2303 [a]). In addition, courts are authorized “to issue a subpoena requiring the attendance of a person found in the state to testify in a case pending in that court” (Judiciary Law § 2-b [1]). In the instant case, the judgment debtor is not “found” in the State of New York. Clearly, based upon the stated statutes, the judgment creditor is not entitled to an order compelling the judgment debtor, who is located out of State, to appear for a deposition.
Nevertheless, the enforcement procedures authorized by the CPLR provide for service of an information subpoena with service of such information subpoena by registered or certified mail, return receipt requested. (CPLR 5224 [a] [3].) This type of subpoena does not prohibit service of an information subpoena upon a judgment debtor located outside the State. This statute clearly provides the alternative to the restrictions set forth in CPLR 2303 or Judiciary Law § 2-b. (See, Banco Do Estado De Sao Paulo v Mendes Jr. Intl. Co., NYLJ, Nov. 24, 1997, at 29, col 4, affd 249 AD2d 137 [1st Dept 1998].)
Based upon the statutory language in CPLR 5224 (a) (3), this court determines that the judgment creditor is entitled to serve an information subpoena upon the judgment debtor, even if located out of State.
The judgment creditor’s motion for an order compelling appearance at a deposition is denied. The judgment creditor is granted the right to proceed with an information subpoena, pursuant to CPLR 5224 (a) (3).
APPOINTMENT OF A RECEIVER
The judgment creditor seeks a receiver to collect, administer, and dispose of certain properties belonging to EquiMed, specifically Doyle Reporting, Inc. The documents submitted on this motion demonstrate that Doyle Reporting, Inc. is a separate corporation from EquiMed, with EquiMed owning shares of Doyle Reporting, Inc. The attorney for the judgment debtor concedes that execution against the shares is available.
CPLR article 52 authorizes the court to appoint a receiver of property “in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment.” (CPLR 5228 [a].) Based upon all the documentation and affidavits submitted, the judgment creditor’s motion for appointment of a *325 receiver is granted, as follows: The property to be received and held by the receiver consists of all the shares of Doyle Reporting, Inc. owned by EquiMed, Incorporated. The receiver is granted authority to perform all acts required or allowed in this capacity as a shareholder of Doyle Reporting, Inc. except that the receiver shall not, except in the ordinary course of business, dispose of by sale or transfer any of the stock or assets of Doyle Reporting, Inc., without further order of the court. The transfer of shares to the receiver shall be effectuated immediately upon receipt of this decision and order.
The receiver appointed is the judgment creditor, James V. Aquavella, who shall act in accordance with CPLR 5228. The receiver is granted the power to employ counsel.
TRANSFER OF ASSETS
The judgment creditor also seeks an order appointing a receiver to collect, administer, and dispose of properties belonging to EquiMed. The judgment creditor requests an order compelling the judgment debtor to turn over the assets owned by EquiMed at four oncology medical practices: Kings Plaza Radiology; Oneonta Regional Cancer Center; Newburgh Radiation Center; and Richard E. Winter Cancer Center. This court determines that the judgment creditor is entitled to possession of all of the assets owned by EquiMed, Incorporated at these medical practices.
The judgment creditor’s motion for a receiver to collect, administer, and dispose of assets owned by EquiMed, Incorporated and located at the above-stated oncology medical practices is granted, as follows: The receiver shall be the judgment creditor, James V. Aquavella. The title to such assets shall be constructively transferred to the receiver, James V. Aquavella, immediately upon receipt of this decision and order. The receiver is authorized to sell the assets transferred but only upon further approval and order of the court. The receiver shall act in accordance with CPLR 5228 and is herein granted the right to employ counsel.
Notice of the appointment of a receiver shall be provided to the judgment debtor and any other known judgment creditors by certified mail.