■ In the Matter of KRISTIN CHLOPECKI et al., Appellants, v KENNETH CHLOPECKI et al., Respondents. [745 NYS2d 228] —Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered November 28, 2001 in Saratoga County, which denied petitioner's application pursuant to CPLR 5228 for the appointment of a receiver.

Respondent Kenneth Chlopecki (hereinafter respondent) is the father of petitioners Kristin Chlopecki and David Chlopecki, who are the beneficiaries of a testamentary trust established by their mother, Holly Chlopecki (hereafter decedent), who died in January 1999. Petitioner David Krogmann is the executor of decedent's estate and trustee of the underlying trust. Before decedent's death, she obtained five money judgments against respondent for reimbursement of the children's college expenses; two such judgments have been fully satisfied. At the time of this proceeding, an income execution order successfully garnished respondent's weekly wages in the amount of $167.29, leaving over $62,000 outstanding.

Respondent resides at 48 McBride Road in the Town of Halfmoon, Saratoga County, where he owns property as a tenant in common with his brother, petitioner Frederick Chlopecki, who has not lived at this residence for 45 years. As of April 2001, the property had an assessed value of $277,600; back taxes were due and owing in the amount of $20,629.10. In response to prior demands made to respondent for tender of half the tax arrearages, respondent maintained that he "does not have the funds available to pay the real property taxes."

The property was scheduled to be sold by Saratoga County for unpaid taxes on September 28, 2001. By order to show cause dated July 7, 2001, the children, Frederick Chlopecki and Krogmann, in his capacity as executor, made this application to appoint Kristin Chlopecki as receiver for the purpose of selling respondent's one-half interest in this property to satisfy the outstanding support judgments. According to Frederick Chlopecki's affidavit, since 1992, he has paid $23,255.82 in real property taxes while respondent paid only $4,274. After the in rem proceeding was commenced, respondent paid an additional $6,827.26 for past due real property and school taxes and $1,385.59 for town and county taxes. Frederick Chlopecki asserted that he could no longer assume the greater burden for the tax obligations.

On November 20, 2001, Supreme Court denied the applica-

tion for a receiver by noting respondent's continued efforts to alleviate the debt and finding that the garnishment of his wages provided petitioners with an adequate source of payment. This appeal ensued.

It is well settled that upon motion by a judgment creditor, the court may, in its discretion, appoint a receiver to sell any real property in which the judgment debtor has an interest for the purpose of satisfying an outstanding judgment (*see*, CPLR 5228 [a]; *Sealy v Sealy*, 57 AD2d 893, 893). While commentators have cautioned that such appointment should only be "granted * * * when a special reason appears to justify one" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5228:1, at 324), courts have considered the "(1) alternative remedies available to the creditor * * *; (2) the degree to which receivership will increase the likelihood of satisfaction * * *; and (3) the risk of fraud or insolvency if a receiver is not appointed" (*United States v Zitron*, 1990 WL 13278, *1, 1990 US Dist LEXIS 1049, *2 [SD NY, Feb. 2, 1990, Carter, J.] [citations omitted]; *see*, *Lefebvre v Shea*, 212 AD2d 884, 885).

In considering these factors, we find that Supreme Court abused its discretion in its denial of this application since it appears evident that, notwithstanding the consistent garnishment of respondent's wages, his financial status remains unstable as evidenced by the numerous outstanding judgments against him and the liens attached to the property. Most notably, the amount and longevity of the outstanding real property taxes on this property places it at risk of being sold at the pending tax foreclosure proceeding (*see*, *Lefebvre v Shea*, *supra* at 885; *see also*, *Matter of Melluzzo v Melluzzo*, 62 AD2d 1061, 1061). Without the joinder of Frederick Chlopecki in this application, judgment creditors can only execute against respondent's one-half interest whereas his joinder permits a private sale of the entire parcel. Joinder also provides a greater likelihood of obtaining the fair market value of the premises since, according to respondent, a new water district has recently been created in the vicinity of the property with water, sewer, and natural gas lines placed in close proximity thereto.

We acknowledge respondent's continued payment on the support judgments through the wage garnishment order over the past eight years. Yet, in light of the outstanding amounts, it will take an inordinate amount of time to satisfy the remaining

child support judgments.* The appointment of a receiver will greatly increase the likelihood of satisfying respondent's obligations, a "factor[] militat[ing] in favor of the appointment of a receiver" (*Matter of Melluzzo v Melluzzo, supra* at 1061). Finally, with the appointment of Kristin Chlopecki as receiver, there can be no viable claim that additional funds will be dissipated because she will not be entitled to any compensation for her role since she is also a judgment creditor (*see*, CPLR 5228 [a]; *Franklin Natl. Bank v Hall*, 51 Misc 2d 736, 737).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

---

* Under Family Court Act article 4, child support is defined as "a sum to be paid pursuant to court order * * * for care, maintenance and education of any unemancipated child under the age of twenty-one years" (Family Ct Act § 413 [1] [b] [2]).