Harbor Footwear Group v ASA Trading (2004 NY Slip Op 50036(U))

[*1]

Harbor Footwear Group v ASA Trading

2004 NY Slip Op 50036(U)

Decided on January 20, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 20, 2004

Supreme Court, Nassau County
 HARBOR FOOTWEAR GROUP, LTD., Petitioner, 
against
ASA TRADING, INC., Respondent.
INDEX NO. 11990-03

COUNSEL FOR PETITIONER
Meyer, Suozzi, English & Klein, P.C.
1505 Kellum Place
Mineola, New York 11501
COUNSEL FOR RESPONDENT
Blank, Rome, Cominsky & McCauley, LLP
405 Lexington Avenue
New York, New York 10174-0208

LEONARD B. AUSTIN, J.
The following papers were read on Respondent's motion to quash an Information Subpoena and Plaintiff's cross-motion to compel a response to the Information Subpoena and to appoint a receiver:
Notice of Motion dated November 3, 2003;
Affidavit of Leonard D. Steinman sworn to on November 3, 2003;
Petitioner's Memorandum of Law;
Order to Show Cause dated December 3, 2003;
Affirmation of Erica B. Garay, Esq. dated November 21, 2003;
Respondent's Memorandum of Law;
Petitioner's Reply Memorandum of Law;
Reply Affirmation of Erica B. Garay, Esq. dated December 4, 2003.
Respondent ASA Trading, Inc. moves to quash the Information Subpoena served on it by Petitioner. Petitioner Harbor Footwear Group, Ltd. cross-moves for the
appointment of a receiver, pursuant to CPLR 5228 and to compel a response to the Information Subpoena.
BACKGROUND
In June 2001, Petitioner Harbor Footwear Group, Ltd. ("Harbor") and Respondent ASA [*2]Trading, Inc. ("ASA") a California corporation entered into a licensing agreement granting ASA the right to sell apparel under a trademark owned by Harbor.
 Among other things, the licensing agreement provided that any disputes arising out of the contract "shall be submitted to and settled by arbitration" and that the parties consented to the jurisdiction of the Supreme Court, Nassau County (Agreement,¶ 13).
When ASA subsequently failed to pay royalties in accordance with the licensing contract, Harbor commenced an arbitration proceeding.
 During the arbitration process, but before the award was issued, Harbor moved for and secured a temporary restraining order pursuant to CPLR 7502 (c) freezing certain ASA bank accounts on deposit at a California branch of the China Trust Bank which also has a branch in New York.
The temporary restraining order was later vacated by a so-ordered stipulation dated September 11, 2003. Pursuant to the stipulation, ASA agreed that it would not transfer, withdraw or dissipate its assets except to the extent that funds were utilized for payment of expenses arising in the ordinary course of business (Stipulation, ¶ 2).
After prevailing in the arbitration proceeding, Harbor moved for and obtained, confirmation of the $474,890.41 award which Harbor then entered in New York and domesticated in the State of California.
Subsequently, on November 3, 2003, Harbor served an Information Subpoena and Restraining Notice on the China Trust Bank. Harbor was allegedly informed on November 7, 2003, that the account had been reduced from $250,000.00 to $1,000.00.
Moreover, Harbor claims that it ascertained from a third-party which did business with ASA, that ASA had recently switched its bank accounts from China Trust to the East West Bank. Harbor's attorney advises that, in response, its local California counsel has served has served a writ of execution on East West Bank.
By order to show cause dated December 3, 2003, Harbor brings on the instant application for the appointment of a receiver over ASA's assets pursuant to CPLR 5228. Harbor argues that ASA has demonstrated that it intends to "move its assets around so as to avoid the purpose of the information subpoena and restraining notice * * *."
DISCUSSION
A. Receiver
 Upon motion by a judgment creditor, the court may appoint a receiver to manage or sell property in which the judgment debtor has an interest for the purpose of satisfying an outstanding judgment. CPLR 5228 (a). See, Chlopecki v. Chlopecki, 296 A.D. 2d 640, 641 (3rd Dept. 2001). Siegel, New York Practice 3rd § 512 at 835-836; and 54 N.Y. Jur. 2d Enforcement of Judgments § 276. Notably, CPLR 5228 (a) requires that the "order of appointment shall specify the property to be received." The remedy will be denied where there is no property of the judgment debtor which is properly amenable to a receivership. (See, Berman v. Goldstein, 254 App. Div. 629 [4th Dept. 1938]. See also, Gantz v. T.R.C. Holding Corp., 259 A.D. 2d 663 [2nd Dept. 1999]; 9B Carmody-Wait 2d, Enforcement of Judgments § 64:448), or where the appointment would be effectively futile. Cf., Ulmann v. Thomas, 255 N.Y. 506, 513 (1931).
Significantly, in determining whether the appointment of a receiver constitutes a [*3]provident exercise of discretion, "courts have considered the 'alternative remedies available to the creditor * * *; [and] (2) the degree to which receivership will increase the likelihood of satisfaction* * *'." Chlopecki v. Chlopecki, supra at 641, quoting from, United States v Zitron, 1990 WL 13278 (SDNY). It is settled that "[t]he appointment of a receiver pursuant to CPLR 5228 (subd. [a]), is entirely a matter of discretion." Drucker v. Drucker, 53 Misc.2d 446, 447 (Sup. Ct., Queens Co.1967); and 11 Weinstein-Korn-Miller, New York Civil Practice ¶ 5228.04.
Here, ASA alleges in opposition to the motion that it is a California corporation and that it owns no real or personal property in the State of New York over which a receiver could or should properly exercise control. Moreover, Harbor has domesticated the judgment in California, commenced enforcement proceedings there and has already served a writ of execution in connection with the East West Bank account the principal if not sole source of ASA's assets identified in Harbor's moving papers.
It also bears noting that ASA's principal denies any attempt to secrete assets and asserts that the reduction of funds in the China Trust account occurred after vacatur of the August 4 restraining order and was attributable to legitimate expenses incurred and paid in the ordinary course of business. It further contends that although it did switch banks from China Trust to the East West Bank, the change was made for legitimate business reasons and that, in any event, "[n]o funds were transferred from the China Trust account to East West Bank at any time". Harbor has not filed reply papers disputing these factual assertions. Nor has it identified the specific property which it anticipates will be amenable to the receivership in New York or demonstrated why the remedy is necessary or appropriate in light of its enforcement efforts already undertaken in California; where the debtor and its property are actually located.
Under these circumstances, and upon the papers submitted, Harbor has not met its burden of establishing entitlement to the appointment of a receiver in New York.
B. Information Subpoena
The Information Subpoena served by Petitioner, however, must be enforced. While the parties submit competing contentions with regard to the validity of service of the Information Subpoena on Respondent by personal service and certified mail in California and by service on New York counsel, the Court is satisfied that the service requirements of CPLR 5224 (a) (3) have been met. See, e.g., Aquavella v. Equvision, Inc., 181 Misc. 2d 322 (Sup. Ct. Monroe Co. 1999), app. dism., 270 A.D. 2d 972 (4th Dept. 2000).
It is noted that the Information Subpoena requires only written responses under oath; not a personal appearance to give testimony. Thus, it is distinguishable from Siemens & Halskae, GmbH v. Gres, 37 A.D. 2d 768 (1st Dept. 1971); and Israel Discount Bank, Ltd. v. P.S. Products Corp., 65 Misc. 2d 1002 (Sup. Ct. N.Y. Co. 1971). In those cases, as relied upon by Respondent, the subpoenas in question sought to compel the personal appearance of a foreign judgment debtor. See, Banco do Estado de Sao Paolo S.A. v. Mendes Junior Int'l Co., 218 NYLJ 1011, p. 29, col. 4 (Sup. Ct., N.Y. Co. 11/24/97),where Justice Ramos held that a subpoena served pursuant to CPLR 5224 (a) (3) was not covered by the language of Judiciary Law § 2 - b which requires a subpoena to compel the attendance of a person to give testimony be served in the same manner as a summons. See also, CPLR 2303.
Respondent's reliance on DeLeonardis v. Subway Sandwich Shops, Inc., (219 NYLJ 59, [*4]p. 28, col. 3 [Sup. Ct. N.Y. Co., 3/30/98]) is also misplaced. In DeLeonardis, Justice Tompkins adopted the logic and reasoning of Justice Ramos in Banco do Estado Sao Paolo but felt compelled to apply the holdings of Siemens & Halskae and Israel Discount Bank and thus quash the subpoena before him.
Here, ASA, by virtue of its agreement to arbitrate in Nassau County under the supervision of this Court and pursuant to the laws of New York, cannot properly claim that compliance with the Information Subpoena is improper.
Accordingly, Respondent's motion to quash the Information Subpoena must be
denied and Petitioner's cross-motion to enforce it granted.
Accordingly, it is,
ORDERED, that the cross-motion of Petitioner Harbor Footwear Group, Ltd for the appointment of a receiver pursuant to CPLR 5228 is denied; and it is further,
ORDERED, that Respondent's motion to quash the Information Subpoena dated October 21, 2003 is denied and Petitioner's cross-motion to compel a response thereto is granted; and it is further,
ORDERED, that Respondent ASA Trading Inc. shall respond to said Information Subpoena within twenty (20) days of service of a copy of this Order with Notice of Entry.
This constitutes the decision and order of the Court.
 January 20, 2004  Hon. LEONARD B. AUSTIN, J.S.C.
Decision Date: January 20, 2004