Matter of Eugene (2018 NY Slip Op 02561)





Matter of Eugene


2018 NY Slip Op 02561


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Sweeny, J.P., Richter, Andrias, Webber, Moulton, JJ.


6274N File No. 93C/10

[*1] Accounting by Dominick Eugene, as the Executor of the Estate of Marco Eugene, Deceased.
Denise Schumacher, et al., Potential Objectants-Respondents,
v
Dominick Eugene, as the Executor of the Estate of Marco Eugene, Respondent-Appellant.


D'Ambrosio & D'Ambrosio, P.C., Irvington (James J. D'Ambrosio of counsel), for appellant.
Cormac McEnery, City Island (Cormac McEnery of counsel), for respondents.



Order, Surrogate's Court, Bronx County (Nelida Malave-Gonzalez, S.), entered March 17, 2017, which, inter alia, granted potential objectants' motion to appoint a temporary receiver, unanimously affirmed, without costs.
The court did not improvidently exercise its discretion in granting the motion where potential objectants demonstrated by clear and convincing evidence that continued control by respondent executor would result in irreparable harm to their interests (see Matter of Sakow , 278 AD2d 378 [1st Dept 2001], affd 97 NY2d 436 [2002]; CPLR 6401). The potential objectants submitted evidence showing, among other things, that the executor commingled funds, delayed the proceedings, failed to comply with the stipulation requiring sale of the estate properties, engaged in self-dealing, and failed to account for the revenues generated by the estate properties, all of which endangered the properties and potential objectants' interests therein (see Somerville House Mgt. v American Tel. Syndication Co., 100 AD2d 821 [1st Dept 1984]).
The executor admitted in his affidavit that he used personal funds to pay a portion of the estate's taxes and paid his company for services rendered to the estate, without judicial approval, as required by SCPA 1805(1). He also admitted that invoices were sent to the estate for services allegedly rendered by his wife, and while he denied that she had been paid, it is unclear why invoices were sent if there was no intention to pay her at some point.
The record further reflects that in October 2014, the executor stipulated to sell the properties at a mutually agreeable price. In his affidavit, he admitted that he had offers to purchase the properties which he intended to accept, but he failed to indicate the reason for the delay in accepting the offers, and did not detail his efforts to market the properties, when the offers were received, and whether he communicated them to objectors. The executor also stated that his various counsel were dilatory, without his consent, but he is responsible for failing to properly supervise and direct them. Furthermore, the potential objectors' attorney's affirmation was sufficient to make a prima facie showing of the executor's dilatory conduct in that the [*2]attorney had first-hand knowledge of the facts stated therein.
We have considered the executor's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK