Bellino v Doromet, Inc. (2025 NY Slip Op 50077(U))

[*1]

Bellino v Doromet, Inc.

2025 NY Slip Op 50077(U)

Decided on January 27, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 27, 2025
Supreme Court, New York County

Steven Bellino, Plaintiff,

against
Doromet, Inc., FRANK GIANNUZZI, BRUBEYK GARCIA NASCIMENTO, Defendant.

Index No. 655873/2021

Attorneys for Plaintiff:
John Maggio of CONDON & FORSYTH LLP
Zachary D. Groendyk of CONDON & FORSYTH LLP
Attorney for the Defendants:
Jason L. Abelove of LAW OFFICES OF JASON L. ABELOVE, P.C.

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 007) 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 143, 144, 145, 146, 147, 148, 149, 150 were read on this motion to/for DISCOVERY.
In motion sequence no. 007, plaintiff moves by order to show cause requesting (1) the appointment of a temporary receiver for defendant Doromet, Inc. ("Doromet"), pursuant to CPLR 6401(a); (2) for sanctions against defendants and their counsel for obstruction of discovery and noncompliance with court orders; and (3) for an order compelling production of relevant documents responsive to plaintiff's notice of discovery and inspection dated December 2, 2021, if plaintiff's motion to strike is not granted.
I. PROCEDURAL HISTORY
Plaintiff commenced this action on October 7, 2021, and the parties commenced discovery shortly thereafter. On October 5, 2022, plaintiff filed a motion pursuant to CPLR 3126 for sanctions against defendants for failure to comply with court orders requiring them to respond to plaintiff's discovery demands (motion seq. no. 004). In that motion, plaintiff requested that the court strike defendants' answer, enter default judgment against defendants, impose financial sanctions, and award attorney's fees and costs to plaintiff. Before a decision and order was rendered on motion sequence number 004, plaintiff filed the instant motion on July 20, 2023 (motion seq. no. 007).
On July 8, 2024, this court issued a decision denying motion sequence number 004 in its [*2]entirety (NYSCEF doc. no. 170). In that decision, this court reasoned that defendants' previous failure to respond to document requests might plausibly be attributed to their previous counsel, rather than to defendants themselves, because defendants' counsel was in possession of documents that defendants transferred to him (id. at 4). Given that defendants' new counsel demonstrated his willingness to produce documents in his possession, this court determined that the issues related to the production of requested documents may be more appropriately addressed by this court in plaintiff's motion, among other things, to compel (motion seq. no. 007).

II. DISCUSSION
A. Appointment of a Temporary Receiver
CPLR 6401(a) provides that "[u]pon motion of a person having an apparent interest in property which is the subject of an action in the supreme or a county court, a temporary receiver of the property may be appointed . . . at any time prior to judgment . . . where there is danger that the property will be removed from the state, or lost, materially injured or destroyed." A temporary receiver may be appointed "where the moving party has made a clear evidentiary showing of the necessity for the conservation of the property at issue and the need to protect the moving party's interests" (Vardaris Tech, Inc. v Paleros Inc., 49 AD3d 631, 632 [2d Dept 2008]).
The appointment of a receiver, under CPLR § 6401(a), results in the taking and withholding of the possession of property from a party without an adjudication on the merits (Hahn v Garay, 54 AD2d 629, 630-31 [1st Dept 1976]). It is well recognized that courts exercise extreme caution in appointing receivers and the remedy is not granted lightly (In re Armienti, 309 AD2d 659, 661 [1st Dept 2003]["The drastic remedy of the appointment of a receiver is to be invoked only where necessary for the protection of the parties.... 'There must be danger of irreparable loss, and courts of equity will exercise extreme caution in the appointment of receivers, which should never be made until a proper case has been clearly established'"]).
As the moving party, plaintiff bears the heavy burden of showing by clear and convincing evidence that, absent appointment of a receiver, there is a danger of irreparable loss of the companies' assets, or that the companies' assets were being diverted or wasted (id.).
Here, plaintiff submits that he contributed capital, labor, time and knowledge to start a business with defendant, Frank Giannuzzi ("Giannuzzi"). Plaintiff alleges that the parties agreed to an equal partnership in said business and would share in the profits on a 50/50 basis. However, once the business became profitable, plaintiff asserts that he was locked out of the business. It is alleged that Giannuzzi revoked plaintiff's access to the business email account and WhatsApp messages, refused to turn over financial information related to the business and refused plaintiff's demand for return of his capital.
In support of his request for appointment of a temporary receiver, plaintiff cites Meagher v. Doscher (157 AD3d 880, 884 [2d Dept 2018]) to support the premise that unilateral actions — such as defendant paying personal expenses with joint funds — presents a danger of material injury to plaintiff's property. In that case, the Meagher plaintiffs submitted clear and convincing evidence that defendant used funds from a company that plaintiffs had an apparent interest in to pay for his own legal fees and licensing fees to another corporation, which was also owned by defendant (id.). The Second Department determined that plaintiffs made a sufficient showing that defendant's unilateral conduct threatened to materially injure the company and that the appointment of a receiver was necessary to protect the parties' interests (id.). Here, plaintiff makes no such showing.
Additionally, plaintiff relies on Gimbel v. Reibman (78 AD2d 897 [2d Dept 1980]), an action to partition real property, wherein plaintiff was found to have an apparent interest in the property through a twenty-five percent (25%) fee ownership and defendants conceded that rental income from the property was commingled with income derived from other properties. The Second Department held that such act created a "situation ripe for dilution of the income assets and harm to the interests the nonparticipatory joint venturer," and warranted the appointment of a receiver (id.). Moreover, the Gimbel defendants failed to controvert serious allegations concerning the corporate defendant's solvency and consequent uncertainty in that party's ability to satisfy a judgment against it (id.). Such danger is not present in the instant matter as plaintiff has neither alleged that defendants have commingled funds, nor has plaintiff alleged insolvency related to Doromet or uncertainty regarding defendants' ability to satisfy a potential judgment.
Plaintiff offers Giannuzzi's deposition testimony and bank statements produced during discovery that, according to plaintiff, reflect monthly distributions made from the company to members of Giannuzzi's family and for personal expenditures (see Maggio affirmation ¶¶ 30-33). Plaintiff additionally points to defendants' conduct over the course of discovery which, in his view, warrants the appointment of a temporary receiver. Such conduct includes (1) defendants' alleged refusal to provide corporate emails or financial records; (2) defendants' disclosure of two conflicting sets of tax returns of the business for the years 2019 and 2020; and (3) the absence of a handwritten signature on an affidavit of Anna-Maria Grella ("Grella affidavit"), which purportedly attested to defendants' reason for withholding the business' tax and financial records. The court notes that defendants' alleged conduct serves not only as the basis for plaintiff's request for appointment of a receiver, but also as the basis for his request for financial sanctions against defendants for obstruction of discovery.
In opposition, defendants controvert plaintiff's allegations of misuse or dissipation of assets by arguing that Giannuzzi and his family members are investors in Doromet, suggesting that any such transfers to them would not be improper. Defendants also argue that the personal expenditures complained of by plaintiff are minor relative to Doromet's multi-million-dollar revenue.
Defendants also offer evidence to contradict plaintiff's allegations of suspicious conduct by defendants. With respect to the production of financial records and emails, defendants assert that such records were not withheld, and that Giannuzzi testified in his deposition that responsive communications in his possession were produced (see NYSCEF doc. no. 149 at 32-33). As it relates to the purportedly conflicting tax returns, defendants assert that plaintiff's allegations are untrue because one of the tax returns provided was marked "amended," and insists that filing an amended tax return does not indicate wrongdoing on the part of defendants (see NYSCEF doc. no. 118).
Furthermore, defendants assert that plaintiff's demand for certain financial documents is improper considering plaintiff's concession that his participation with Doromet ended in 2021. According to defendants, plaintiff seeks all financial records used to support Doromet's tax returns and all financial data through the present, this notwithstanding defendants' contention that plaintiff operates a business that competes with Doromet in the same regional market (see NYSCEF doc. no. 148 at 128-129). Defendants maintain that they have previously objected to the production of those documents and have not waived their objection to such requests.
Lastly, defendants assert that the absence of the handwritten signature on the Grella affidavit was the result of a law office error, in which a draft of the affidavit that had not yet [*3]been signed by the affiant was mistakenly filed. In a letter to the court dated May 4, 2023 (NYSCEF doc. no. 97), defendants' counsel detailed the specific circumstances that led to the error and the efforts taken to rectify it.
Given the conflicting factual testimony and evidence in this record, it is this court's view that the appointment of a receiver is not appropriate. Conclusory allegations of waste are insufficient to demonstrate that assets are in danger of loss or removal from the state. This is especially the case where, as here, the company has been run by defendant Giannuzzi without incident, even after plaintiff's involvement with the company ceased in 2021, and there is no evidence of the complete dissipation of assets, irreparable loss, or threat of insolvency (see Mandel v Grunfeld, 111 AD2d 668, 668 [1st Dept 1985][finding no requisite danger where "for a number of months the parties . . . managed without a receiver"]; Somerville House Mgmt., Ltd. v Am. Television Syndication Co., 100 AD2d 821, 822 [1st Dept 1984][finding the appointment of a receiver appropriate where there was evidence of the commingling of funds, insolvency, and the improper dissipation of assets]). 
A motion to appoint a receiver should be granted only where there appears to be a "special reason" for doing so (Itria Ventures LLC v Beaver St. Pizza LLC, 194 AD3d 447 (1st Dept 2021), citing, Hotel 71 Mezz Lender LLC v Falor, 14 NY3d 303, 317 [2010]). Although plaintiff alleges what he deems to be suspicious conduct by defendants during the discovery phase of this action, this conduct, without more, fails to show a danger of irreparable loss sufficient to warrant the extreme remedy sought by plaintiff. The court does not find facts, here, to support the argument that a special reason exists to justify the appointment of a receiver (Hotel 71 Mezz Lender LLC 14 NY3d at 317).
B. Request to Compel Production
With respect to plaintiff's request for an order to compel production, plaintiff asserts that defendants have willfully refused to provide documents responsive to its First Notices for Discovery and Inspection ("First Notices"). The court notes, as it did previously in its decision and order on motion sequence no. 004, that defendants timely responded to the First Notices (NYSCEF doc. no. 54), as ordered by this court on May 19, 2022 (NYSCEF doc. no. 26), and timely responded to plaintiff's subsequent deficiency letter (NYSCEF doc. no. 58). Moreover, the court determined that defendants' previous failures to produce documents "were not so repetitive" as to constitute willful noncompliance (NYSCEF doc. no. 170). In the instant motion, defendants' counsel represents that all responsive documents in defendants' possession have been produced and that "[d]efendants will provide an affidavit attesting to the completeness of their documents production should one be necessary" (see MOL in Support at 8). Plaintiff has not established why the responses already provided by defendants are somehow insufficient or non-responsive to plaintiff's demands.
For the reasons stated in the court's decision on motion sequence no. 004, plaintiff's request for sanctions and an order compelling production is denied.
Accordingly, it is hereby
ORDERED that plaintiff's motion is denied in its entirety; and it is further
ORDERED that on or before February 7, 2025, defendants shall serve an affidavit on plaintiff in compliance with Jackson v. City of New York (185 AD2d 768 [1st Dept 1992]).
DATE January 27, 2025
ROBERT R. REED, J.S.C.