MILLS STUDIO, INC., Respondent-Appellant, *v.* CHENANGO VALLEY REALTY CORP. et al., Appellants-Respondents. FAMILY BARGAIN CENTERS, INC., Respondent.

Third Department, November 22, 1961.

*Ferris, Kehoe & Cardamone* (*Richard O'C. Kehoe* of counsel), for appellants-respondents.

*Latham & Mogavero* (*Livingston S. Latham* of counsel), for respondent-appellant.

*Coleman & Jackson* for respondent.

TAYLOR, J. Defendants, Chenango Valley Realty Corp. and Scheidelman, appeal from a judgment of the Supreme Court, at Trial Term, Chenango County, in favor of plaintiff. Plaintiff cross-appeals from a judgment dismissing its complaint as to the defendant, Family Bargain Centers, Inc.

Plaintiff is a family corporation owned by Mr. and Mrs. Mills. For sometime prior to May, 1959 it had been conducting in Sidney, New York, a photographic studio and a retail store which stocked for sale photographic equipment and supplies, greeting cards and a general line of gift shop merchandise. Mr. Mills devoted his time and efforts largely to the operation of the studio and Mrs. Mills managed the retail sales aspect of the business of the corporation.

Defendant Scheidelman was the president of Chenango Valley Realty Corp. then engaged in developing a shopping center in Norwich, New York.

In May, 1959 Mr. Scheidelman came to plaintiff's store in Sidney, inspected and admired it and encouraged them to join the shopping center community in Norwich. To house the proposed shop would require the erection of a new building by the owner. Scheidelman explained that such would be undertaken only after a lease between his corporation and plaintiff had been executed. After several conferences between the parties, the lease was prepared and signed and the building constructed. Upon its completion plaintiff opened a retail store similar to that conducted in Sidney, operated it at a loss for 12 months, thereupon discontinued the business and instituted this action for rescission of the lease and damages on the ground of fraud.

Mrs. Mills testified that at the initial conference of the parties she expressed apprehension concerning the presence at the shopping center of a discount department store operated by defendant, Family Bargain Centers, Inc., then engaged in selling similar lines of merchandise particularly photographic supplies, gift items and greeting cards and observed that it seemed pointless for plaintiff to open an adjacent store in the face of such competition, the impact of which had been felt in the relatively distant store in Sidney. According to her testimony Mr. Scheidelman then assured her that upon the opening

of the new store the competing lines of merchandise would be removed from sale by defendant, Family Bargain Centers, Inc. In answer to her inquiry as to the manner in which this so simply could be accomplished, she stated that he said "Well, I own 25 percent of the Family Bargain Center and all I have to do is tell them to remove these items." Mr. Mills testified that he overheard this conversation. It is conceded that defendant, Family Bargain Centers, Inc., despite plaintiff's demand to desist continued to carry the competing merchandise. The record indicates that Scheidelman was not the owner of 25% of the capital stock of Family Bargain Centers, Inc. and possessed no managerial authority in connection with its business.

Mr. Scheidelman denied that he told Mr. and Mrs. Mills that he owned 25% of the stock of Family Bargain Centers, Inc. He recalled some conversation with one or the other of them about the sale of film at cut-rate prices in the competing store and that he had stated that he "had some influence around the Center; and if it were to hurt them, [he] would see what [he] could do about getting it removed" and that he "didn't have any authority, only a method of explaining the thing in a sympathetic manner."

Appellants argue that fraud was not proved since the terms of the lease which contained no covenant expressive of Scheidelman's representation were fixed after considerable negotiations, that the representation was merely promissory in nature and that plaintiffs should not have relied on his statements without investigating his authority to make them.

The court properly charged the essential constituents of the action, i.e., a representation of a material fact, falsity, *scienter*, deception and injury. In response to the jury's request made in the course of its deliberations, the Trial Judge reiterated this portion of the charge.

The divergent versions of the conversations which preceded the execution of the lease presented a factual question. There was ample evidence in the record from which the jury could find that the statements and representations relied upon constituted a "'specific affirmation' of an arrangement under which something was to be done when the part[ies] making the affirmation knew perfectly well that no such thing would be done." (*Sabo* v. *Delman*, 3 N Y 2d 155, 160.) Such statements and representations, when false, are actionable and not immunized by the existence of a written instrument. (*Adams* v. *Gillig*, 199 N. Y. 314; *Channel Master Corp.* v. *Aluminium, Ltd.*, 4 N Y 2d 403,

406–407; *Terris* v. *Cummiskey,* 11 A D 2d 259; *Sabo* v. *Delman, supra.*)

Appellants argue that plaintiff failed sufficiently to prove its damages. Plaintiff was entitled to be indemnified for pecuniary loss sustained as a direct result of the defendant's wrong. (*Reno* v. *Bull,* 226 N. Y. 546, motion for reargument denied 227 N. Y. 591; *Ochs* v. *Woods,* 221 N. Y. 335, 341; *Urtz* v. *New York Cent. & Hudson Riv. R. R. Co.,* 202 N. Y. 170, 174.) The principles enunciated in *Dunkel* v. *McDonald* (272 App. Div. 267, 270, affd. 298 N. Y. 586) are pertinent here: " A plaintiff seeking compensatory damages has the burden of proof and should present to the court a proper basis for ascertaining the damages he seeks to obtain. They must be susceptible of ascertainment in some manner other than by mere conjecture or guess work. (*Broadway Photoplay Co.* v. *World Film Corp.,* 225 N. Y. 104, 109; *Janvier, Inc.* v. *Baker,* 229 App. Div. 679, 680.) However, where it is certain that damages have been caused by a wrong and the only uncertainty is as to the amount, there can be no good reason for refusing on account of such uncertainty any damages for the wrong. (*Wakeman* v. *Wheeler & Wilson Mfg. Co.,* 101 N. Y. 205; *Bagley* v. *Smith,* 10 N. Y. 489, 499; *MacGregor* v. *Watts,* 254 App. Div. 904.) A wrongdoer may not escape liability simply because there are not available the ordinary standards for proving damages. The law will resort to some practical means that will be just to the parties. (*Brady* v. *Erlanger,* 188 App. Div. 728, 733, affd. 231 N. Y. 563; *Alexander's Dept. Stores* v. *Ohrbach's, Inc.,* 269 App. Div. 321, 328; *Merscheim* v. *Musical Mutual Protective Union,* 8 N. Y. S. 702, 704–705.) "

Applying the above rules to the instant case, we think that in the circumstances presented plaintiff's proof was sufficient to make out a case for the jury's consideration and to support its conclusion. Its claim for indemnification was based on its operational loss during the period from October 22, 1959 through October 31, 1960. No prospective business profits were sought. (Cf. *Alexander's Dept. Stores* v. *Ohrbach's Inc.,* 269 App. Div. 321.) It proved by books and records and the testimony of its officers such factors as the values of the opening and closing inventories, the cost of goods purchased, its receipts and the amount of the operating expense consisting of salaries, rent, insurance and the like. Included as a disbursement item was salary paid by the corporation to Mr. Mills in the amount of $4,425. Mathematically computed, the claimed resultant loss was $15,568.90. The jury returned a verdict for $8,000.

The record would sustain the inference by the jury of the capacity of plaintiff successfully to operate this type of store. There was also proof that photographic supplies ordinarily constituted 50% of the gross business of such a store and that in the Norwich store such merchandise made up only 30% of its gross sales.

Moreover, the court in its charge with considerable preciseness explained and submitted to the jury plaintiff's theory of damages and outlined the proof relied on to support its claim, to which defendants took no exception. Instructions were also given the jury that it was not bound to adopt plaintiff's views of its operating loss and might give such weight to the proof of damages as it deemed warranted in the circumstances.

It appears that defendant Scheidelman was the vice-president of Family Bargain Centers, Inc. and maintained an office in its store. The record demonstrates that the reliance of plaintiff on the misrepresentation without independent investigation of its truth was justified. (Prosser, Torts [2d ed], p. 550.)

We perceive no error in the rulings of the court in respect to the admission of plaintiff's evidence bearing on the subject of damages.

No cause of action either in contract or in tort was made out against defendant, Family Bargain Centers, Inc. and the court as to it properly dismissed plaintiff's complaint.

Judgment in favor of plaintiff against Chenango Valley Realty Corp. and Scheidelman should be affirmed, with costs. Judgment dismissing the complaint against defendant, Family Bargain Centers, Inc., should be affirmed, with costs.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Judgment in favor of the plaintiff against Chenango Valley Realty Corp. and Scheidelman affirmed, with costs.

Judgment dismissing the complaint against defendant, Family Bargain Centers, Inc., affirmed, with costs.