Charles Margett, J.
This is a motion (1) “pursuant to Sections 5104 and 5105 of the CPLR ” to punish defendant for contempt for his willful failure to comply with a judgment of this court entered October 4,1966 and (2) “ pursuant to Sections 5106 and 5228, et seq., of the CPLR ’ ’ for the appointment of a receiver of 50 shares of stock of the House of Bagels, Inc., held in the name of defendant’s wife, Yetta Drucker.
The judgment which is the subject of this enforcement proceeding was entered in an action for an accounting in connection with the termination of a partnership which was owned and operated by the parties as equal partners and which was engaged in the bagel business. The action was referred to the Honorable Samuel S. Tbipp, Special Referee of this court, to hear and report. The report of the Special Referee was confirmed in its entirety in the final judgment and upon his recommendation defendant was ordered to pay to plaintiff the sum of $29,817.10 “ and that plaintiff have execution therefor.” On November 21, 1966, defendant was served with a certified copy of the judgment and a written notice for compliance. Thereafter, pursuant to subpoena, defendant was examined with respect to his financial resources. Upon that examination defendant was asked whether he was “making any effort to pay the judgment ”. Since defendant responded in the negative, plaintiff made the instant motion for contempt.
CPLR 5104 provides that a judgment for a sum of money which is enforcible by execution cannot be enforced by contempt. That section, however, is subject to two exceptions provided in CPLR 5105. The second exception contained therein and cited by plaintiff as controlling provides that contempt is available where a judgment “ requires a trustee or person acting in a fiduciary relationship to pay a sum of money for a willful default or dereliction of his duty. ’ ’ (CPLR 5105, subd. 2; see Thirteenth Annual Report of N. Y. Judicial Council, pp. 242-246 [1947].)
*448 In Gluck & Co. v. Tankel (12 A D 2d 339), an action for an accounting in a joint venture arising under subdivision 5 of section 505 of the Civil Practice Act (the forerunner of CPLR 5105, subd. 2), the Appellate Division, First Department, held that partners or joint venturers were within the scope of that section. Of course, the fact that a fiduciary relationship exists is not, alone, sufficient to invoke the drastic remedy of contempt as a means of enforcing a money judgment. ‘ ‘ The statute makes it essential that a wrong be adjudged as to anyone acting in a fiduciary relationship before punishment for a contempt may be utilized ”. (Gluck & Co. v. Tankel, supra, p. 346; see 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5105.07.) It is clear that a money judgment entered as the result of the ordinary accounting incidental to the termination of a partnership is not the type of judgment contemplated by the statute.
Moreover, it has been held that in order to enforce a money judgment by contempt, the judgment must include “ a finding and recital therein that defendants are being required to pay said sum for a willful default or dereliction of duty while acting in a fiduciary relationship ”. (Gould v. Jacobs, 44 Misc 2d 990, 991, affd. 24 A D 2d 934; see McKinney’s Cons. Laws of N. Y., 1965 Supplementary Practice Commentary to CPLR 5105 by David D. Siegel.) It should be noted in this respect that upon the settlement of the final judgment herein, plaintiff inserted in his proposed final judgment the following language “ and it appearing that, based upon defendant’s dereliction of his duty to the plaintiff while acting in a fiduciary relationship ’ ’. The proposed judgment submitted by the defendant and which ultimately was signed by the court was virtually the same, with the exception of the deletion of the above-quoted language. Further, a perusal of the Special Referee’s voluminous report fails to reveal any finding with respect to a “ willful default or dereliction ” of defendant’s fiduciary duty. Therefore, contempt is not available as a method of enforcing the instant money judgment and, accordingly, the first branch of the motion is denied.
With respect to the second branch of the motion, CPLR 5.106 is not applicable since the property which plaintiff seeks to place in the hands of a receiver was not the subject of the action. The appointment of a receiver pursuant to CPLR 5228 (subd. [a]), is entirely a matter of discretion. The Advisory Committee on Practice and Procedure, in its report to the Legislature, commented (Third Preliminary Report, p. 284): “ Since the expenses and commissions of the receivership, which may be substantial, are ultimately to be paid by the judgment debtor if he has sufficient funds, the appointment should not be made *449 unless some greater benefit to the judgment creditor than that which could be secured by other available procedures can be anticipated.” And at page 280: “ With the expansion of supplementary proceedings, however, judgment creditors have obtained very nearly all of the tools for having property of the judgment debtor applied directly to the satisfaction of their judgments without the necessity of a receivership and the attendant expense and delay. Proposed rule 61.17, providing for the determination of adverse claims, would further diminish the need for a receivership as a method of applying assets to the satisfaction of the judgment. Although the use of a receiver for this purpose has been described as ‘ a legal vermiform appendix: an organ useful at one time, but since become only a situs for infection ’ (Cohen, Collection of Money Judgments in New York; Supplementary Proceedings, 35 Colum. L. Rev. 1007, 1014 [1935]), there are situations in which the appointment of a receiver may be most efficacious remedy and others where it may be the only one possible.” (Third Preliminary Report of Advisory Committee on Practice and Procedure, p. 279 et seq. [1959] ; 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5228.04.)
Upon the facts presented in the instant case, a proceeding pursuant to CPLR 5225 (subd. [b]) could have been brought and would certainly have been more expeditious. (See Matter of First Small Business Investment Corp. v. Zaretsky, 46 Misc 2d 328.) It appears, however, that plaintiff has commenced a separate action intended to determine the ownership of the identical property involved herein and in which plaintiff requests the appointment of a receiver. Accordingly, the second branch of the motion is denied.