OPINION OF THE COURT
Herbert A. Posner, J.
This is a motion by a receiver for an order settling his account, fixing his fee, canceling his bond and discharging him. Three out of four of these requests are uncontested and can easily be granted. However, the fixing of a fee poses a problem and is contested by the judgment creditor.
One would imagine, from recent newspaper stories, that to be appointed a receiver is the next best thing to a gift from Santa Claus. By statute, a receiver may receive as a fee for his services up to 5% of the "sums received and disbursed” by him (CPLR 8004, subd [a]). Moreover, if there are no funds in the hands of the receiver at the termination of the receivership, the court may direct the judgment creditor to pay the compensation fixed by the court (CPLR 8004, subd [b]).
Unfortunately, the receiver, after spending approximately 25 hours in the pursuit of the judgment debtor’s phantom assets was not only left with no funds at the end of his receivership, but also no funds at the beginning or in the middle.
CPLR 8004 (subd [a]), which deals with a receiver’s commissions, states: "A receiver, except where otherwise prescribed by statute, is entitled to such commissions, not exceeding five percent upon the sums received and disbursed by him, as the court by which he is appointed allows, but if in any case the commissions, so computed, do not amount to one hundred *970 dollars, the court, may allow the receiver such a sum, not exceeding one hundred dollars, as shall be commensurate with the services he rendered.”
The receiver argues, however, that he cannot obtain commissions under CPLR 8004 (subd [a]) because there were no sums of money received and disbursed by him. Therefore, since the court cannot make an award up to $100, he is seeking compensation of $500 as a reasonable commission upon "the common law and the operation of the decisional law pertaining thereto”. For his decisional law, he relies upon McHarg v Commonwealth Fin. Corp. (195 App Div 862) and Sandelman v 21 East 63rd St. Corp. (23 AD2d 649).
Since the defendant has no assets, the receiver seeks to collect his compensation from the judgment creditor, the plaintiff herein. His argument is very simple. Since the judgment creditor secured the receivership under CPLR 5228 (subd [a]) erroneously, she should bear the consequences of her error, not he, the innocent receiver who accepted his job in good faith and pursued it diligently. CPLR 5228 (subd [a]) deals with the appointment of a receiver for property "in which the judgment debtor has an interest”. Since the safe deposit boxes were in the possession of the bank and the ownership of their contents, if any, was unknown, the plaintiff should have brought a supplementary proceeding under CPLR 5225 (subd [b]), entitled "Property not in the possession of judgment debtor.”
It is true that CPLR 5225 (subd. [b]) and other supplementary proceedings make it possible for a judgment creditor to proceed directly against property of the judgment debtor without the need of a receiver. Justice Hargett put it very succinctly in Drucker v Drucker (53 Misc 2d 446, 448-449) when he said: "The appointment of a receiver pursuant to CPLR 5228 (subd [a]), is entirely a matter of discretion. The Advisory Committee on Practice and Procedure, in its report to the Legislature, commented (Third Preliminary Report, p. 284): 'Since the expenses and commissions of the receivership, which may be substantial, are ultimately to be paid by the judgment-debtor if he has sufficient funds, the appointment should not be made unless some greater benefit to the judgment-creditor than that which could be secured by other available procedures can be anticipated.’ And at page 280: 'With the expansion of supplementary proceedings, however, judgment creditors have obtained very nearly all of the tools *971 for having property of the judgment debtor applied directly to the satisfaction of their judgments without the necessity of a receivership and the attendant expense and delay’.”
Whether CPLR 5225 (subd [b]) provided the plaintiff with a better remedy than receivership or not is immaterial because she was not entitled to the appointment of a receiver under CPLR 5228 (subd [a]) in any event. The statute gives the court discretion to appoint a receiver only under certain circumstances. It does not call for the appointment of a receiver to go on a "fishing expedition”. The statute (CPLR 5228, subd [a]) reads as follows (with the pertinent language underlined by this court): "Upon motion of a judgment creditor * * * the court may appoint a receiver who may be authorized to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment * * * The order of appointment shall specify the property to be received, the duties of the receiver and the manner in which they are to be performed”. (Emphasis added.)
 The court order merely stated that, "is hereby appointed receiver of the personal and real property of Herbert Vartabedian, with the power to administrate, collect and improve and sell any of said personal property of the judgment-debtor to satisfy the judgment herein”. Nowhere in the order is it specified what property the receiver is to collect, etc. Giving the receiver authority to open up three safe deposit boxes in the name of the debtor does not satisfy the requirements of the statute (as italicized above). A safe deposit box is rented. The box belongs to the bank. The box is not an asset of the lessee. To send a receiver out to open up safe deposit boxes is to send him on a "fishing expedition” — maybe he will catch something and maybe not. In this instance his "line” came up empty. The statute never contemplated a "fishing expedition” — that is why the order must specify the property that the debtor has an interest in.
 The judgment creditor was wrong in moving for a receivership under CPLR 5228 (subd [a]). The Judge was wrong in signing an order granting the receivership and the receiver was wrong in accepting the responsibility. If you agree to go out on a fishing expedition, you cannot complain when you come home empty handed. The receiver incurred $190.92 in expenses, of which $185 was advanced to him by *972 the judgment creditor. He is certainly entitled to the balance of $5.92, but unfortunately (by his own admission) he is not entitled to a commission under CPLR 8004 (subd [a]). He cannot receive any commissions under the common law because once a statute regulating receivers’ commissions was enacted, it pre-empted the common law. Even if it had not, equity would not endorse it.
Perhaps the moral of this case is "Don’t gamble if you can’t afford to lose”; or, "Beware of Judges bearing gifts.”