■ EUGENE DOLGOFF, Respondent-Appellant, v PROJECTAVISION, INC., et al., Appellants-Respondents. (And a Third-Party Action.) [653 NYS2d 111] —Order, Supreme Court, New York County (Walter Schackman, J.), entered on or about April 10, 1996, which, insofar as appealed from, denied defendants' motion to dismiss except as to the third cause of action against defendant Sherman Langer, granted plaintiff's cross motion to disqualify defense counsel and denied plaintiff's cross motion for the appointment of a temporary receiver, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of granting plaintiff's cross motion for a temporary receiver and remanding the matter for further proceedings, and otherwise affirmed, without costs.

We agree with the Supreme Court that defendants, on this

pre-answer dismissal motion, have failed to "definitively dispose of the claim[s]" (*Demas v 325 W. End Ave. Corp.*, 127 AD2d 476, 477). Many factual questions remain unresolved as to whether defendants breached the contract agreements at issue herein. Moreover, as in *Mulder v Donaldson, Lufkin & Jenrette* (208 AD2d 301), plaintiff has sufficiently alleged a claim for punitive damages, maintaining that defendants' self-dealing injured plaintiff as well as the public shareholders. Defendants' conduct with respect to plaintiff was clearly " 'associated' with" defendants' alleged tortious conduct (*supra,* at 309). In addition, the alleged egregious conduct on the part of defendants Maslow and Halloran adequately supports a claim of tortious interference with plaintiff's employment agreement and/or plaintiff's advantageous business relationship with Projectavision, Inc. (*see, Bank of N. Y. v Berisford Intl.,* 190 AD2d 622). Plaintiff has also satisfactorily pleaded alternative theories of constructive trust and unjust enrichment, since his papers sufficiently show that a fiduciary or confidential relationship may have existed between plaintiff and defendants, and that defendants may thereby have become unjustly enriched at plaintiff's expense (*see, McGrath v Hilding,* 41 NY2d 625).

Supreme Court properly disqualified defense counsel. Not only does the record demonstrate that defense counsel has previously represented plaintiff on matters substantially related to the instant action (*see, Solow v Grace & Co.,* 83 NY2d 303), it is likely that several attorneys from the firm will be called to testify as critical witnesses at trial (*see, Brunette v Gianfelice,* 171 AD2d 719, 720). Moreover, it appears that defense counsel was concurrently representing plaintiff after this lawsuit had been instituted (*see, Stratagem Dev. Corp. v Heron Intl.,* 756 F Supp 789, 792).

Since plaintiff has adequately demonstrated his apparent interest in the property at issue herein and shown that there is a danger of irreparable loss and damage to such property (CPLR 6401), the appointment of a temporary receiver is warranted (*see, Somerville House Mgt. v American Tel. Syndication Co.,* 100 AD2d 821, 822). We remand the matter to Supreme Court for the purpose of appointing a temporary receiver who will safeguard the interests of plaintiff. The receiver should confer with the parties as to all patent matters.

We have considered the parties' remaining claims for affirmative relief and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Nardelli, Tom and Andrias, JJ.