■ NATHAN L. SEROTA, Appellant-Respondent, v MAYFAIR SUPER MARKETS, INC., et al., Respondents, and ISLAND VENDORS CORP., Respondent-Appellant. [790 NYS2d 173]—

In an action, inter alia, for a judgment declaring the parties' rights under a lease, in which a judgment was entered October 9, 2001, in favor of the defendants on the complaint and severing the defendants' counterclaims, the plaintiff appeals from stated portions of (1) an order of the Supreme Court, Nassau County (DeMaro, J.), dated July 28, 2003, as amended by order of the same court entered December 3, 2003, which, among other things, denied that branch of his cross motion which was to reject a Judicial Hearing Officer's report dated January 31, 2003, made after a hearing, recommending that judgment be entered against him and in favor of the defendants Mayfair Super Markets, Inc., and First Stop, Inc., on their counterclaims to recover damages for breach of contract and tortious interference with contractual relations, and for an award of punitive damages, and (2) a judgment of the same court entered February 2, 2004, which, inter alia, is against him and in favor of the defendants Mayfair Super Markets, Inc., and First Stop, Inc., in the principal sums of $1,293,045.90 in compensatory damages and $10,000 in punitive damages, and the defendant Island Vendors Corp. cross-appeals from stated portions of the order

dated July 28, 2003, as amended by the order entered December 3, 2003.

Ordered that the appeal from the order dated July 28, 2003, as amended by the order entered December 3, 2003, is dismissed; and it is further,

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Mayfair Super Markets, Inc., and First Stop, Inc., payable by the plaintiff.

The appeal by the plaintiff Nathan L. Serota from the intermediate order dated July 28, 2003, as amended by the order entered December 3, 2003, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment on the counterclaims (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the recommendation of the Judicial Hearing Officer (hereinafter the JHO) to award compensatory damages to the defendants Mayfair Super Markets, Inc., and First Stop, Inc. (hereinafter collectively referred to as Mayfair), on their counterclaims alleging breach of contract and tortious interference with contractual relations is supported by the record. The JHO's finding that future lost rental income was proven by Mayfair with reasonable certainty is entitled to great weight, and we find no reason to disturb it (*see Greasy Spoon v Jefferson Towers,* 75 NY2d 792, 795-796 [1990]; *Slater v Links at N. Hills,* 262 AD2d 299 [1999]; *Mills Studio v Chenango Val. Realty Corp.,* 15 AD2d 138, 141 [1961]; *cf. Kaval Constr. Corp. v State Div. of Human Rights,* 39 AD2d 347, 350 [1972]).

The plaintiff's further contention that the punitive damages award cannot be sustained is also without merit. The record supports the JHO's finding that the tortious act complained of against the plaintiff involved a wanton or reckless disregard of Mayfair's rights under its lease with the plaintiff (*see Giblin v Murphy,* 73 NY2d 769, 772 [1988]; *Nardelli v Stamberg,* 44 NY2d 500, 503 [1978]; *Buchwald & Assoc. v Rich,* 281 AD2d 329, 330 [2001]; *Dolgoff v Projectavision, Inc.,* 235 AD2d 311, 312 [1997]). Schmidt, J.P., Santucci, Crane and Skelos, JJ., concur.