| |
|---|
| **Matter of 979 Second Ave., LLC v Golden Billion Trust** |
| 2024 NY Slip Op 32958(U) |
| August 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654423/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**

*Justice*

| | |
|---|---|
| PART | 56M |

--------------------------------------------------------------------------------X

In the Matter of

979 SECOND AVENUE, LLC,

                                Petitioner,

                     - v -

GOLDEN BILLION TRUST, BAKERHOOD REALTY, INC.,
AS TRUSTEE, WAH-MART GROUP (NY) CORP., and YUE
WAH CHAO also known as WINNIE CHAO,

                              Respondents.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654423/2023 |
| MOTION DATE | 01/25/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to/for      TURNOVER PROCEEDING/VACATE FRAUDULENT CONVEYANCE/APPOINT RECEIVER.

      In this special proceeding the petitioner, 979 Second Avenue, LLC (979 Second Avenue) petitions (1) pursuant to CPLR 5225 directing the respondents Golden Billion Trust (GBT), Bakerhood Realty, Inc. (Bakerhood), Wah-Mart Group (NY) Corp. (Wah-Mart), and Yue Wah Chao (Chao), to turn over, to it, the sums of $105,732.62, $30,767.76, and $468,705.57, representing three separate judgment debts owed by Chao and Wah-Mart (together the debtor respondents), plus simple statutory post-judgment interest at 9% per annum on those sums from March 17, 2022, November 3, 2022, and March 8, 2023, respectively, from all assets, monies, funds, and property held jointly by GBT and Bakerhood in which the debtor respondents have an interest; (2) pursuant to the Debtor and Creditor Law §§ 273, 274 and 276 voiding the transfer of several apartment units by the debtor respondents to those other respondents, permitting 979 Second Avenue to attach or execute upon those units, enjoining further disposition of those units and other property in which the debtor respondents may have an interest, and awarding attorneys' fees and costs incurred in seeking that relief; (3) pursuant

**654423/2023   979 SECOND AVENUE LLC vs. GOLDEN BILLION TRUST ET AL**
Motion No.  001

Page 1 of 12

1 of 12

[* 1]

to CPLR 5228 appointing a receiver to sell the units and disburse the proceeds to 979 Second Avenue; and (4) for a judgment declaring that Chao, Bakerhood, and GBT are each other's alter egos, Chao is the equitable owner of Bakerhood and GBT, and that Bakerhood and GBT are liable for all of Chao's debts and obligations. The respondents do not oppose the petition. The petition is granted, in part, as set forth herein.

On October 12, 2011, 979 Second Avenue, as landlord, and Wah Win Group Corp. (WWGC), as tenant, entered into a lease referable to a storefront, and Chao personally guaranteed WWGC's obligations thereunder. After WWGC's continued failure to pay rent, 979 Second Avenue obtained various judgements against Chao personally on the guaranty.

On December 15, 2021, in an action entitled *979 Second Ave., LLC v Chao*, Sup Ct, N.Y. County, Index No. 654145/2021, the court (Edwards, J.) granted 979 Second Avenue's motion for leave to enter a default motion against Chao. On March 17, 2022, the court entered judgment in favor of 979 Second Avenue and against Chao, upon her default, in the amount of $105,732.62 (*see 979 Second Ave. LLC v Chao*, Sup Ct, N.Y. County, Index No. 654145/2021, Mar. 17, 2022 [Edwards, J.]). In an order dated January 11, 2023, that court denied Chao's motion to vacate her default, and the Appellate Division affirmed (*see 979 Second Ave. LLC v Yue Wah Chao*, 227 AD3d 436 [1st Dept 2024]).

Nonetheless, on February 28, 2022, and thus subsequent to the entry of the order granting the default, and less than three weeks prior to the entry of the judgment in that action, Chao transferred, to Wah-Mart, her title to apartment units designated as 325 Fifth Avenue, #35E, New York, New York (Unit 35E), and 155 West 71st Street, #5J, New York, New York (Unit 5J), for no consideration, prompting 979 Second Avenue to commence an initial turnover proceeding. On July 20, 2022, the court in that proceeding directed Wah-Mart to turn over, and transfer to 979 Second Avenue, all assets held by Wah-Mart in which Chao had an interest, including those apartment units, voided any transfers by Chao of her interest in those units to Wah-Mart, and enjoined both Chao and Wah-Mart from effectuating any further transfer of those

**654423/2023  979 SECOND AVENUE LLC vs. GOLDEN BILLION TRUST ET AL**
**Motion No. 001**

Page 2 of 12

2 of 12

units and/or other property in which Chao may have an interest (*see 979 Second Ave., LLC v Wah-Mart (NY) Corp. and Chao*, Sup Ct, N.Y. County, Index No. 154780/2022, Jul. 20, 2022 [Bluth, J.]).  That court also ruled that Chao and Wah-Mart were each other's alter egos, that Chao was the equitable owner of Wah-Mart, and that Wah-Mart was liable for Chao's debts and obligations, including the relevant judgment.  On November 3, 2022, that court awarded 979 Second Avenue $30,767.76 in attorneys' fees in connection with that turnover proceeding, and a money judgment for that sum was entered thereon as well (*see id*., Nov. 3, 2022).

Notwithstanding the injunction and directives issued by Justice Bluth, and notwithstanding the fact that, on November 30, 2022, 979 Second Avenue uploaded the turnover judgment to the Automated City Register Information System (ACRIS) in connection with both Units 35E and 5J, Wah-Mart, on March 2, 2023, transferred ownership of Units 35E and 5J jointly to Bakerhood and GBT for no consideration, and filed the deeds to those units with ACRIS on March 22, 2023 and March 24, 2023, respectively[1].  Also on March 2, 2023, Chao, on behalf Wah-Mart, transferred Wah-Mart's ownership of an apartment unit designated as 50 Bayard Street, #4F, New York, New York (Unit 4F), which Wah-Mart had owned since 2008, jointly to Bakerhood and GBT, and uploaded the deed to ACRIS on March 24, 2023.  On March 8, 2023, 979 Second Avenue obtained an additional judgment against Chao in the sum of $468,705.57, after there had been further defaults in paying rent on the storefront lease (*see 979 Second Ave., LLC v Chao*, Sup Ct, N.Y. County, Index No. 654096/2022, Mar. 8, 2023 [Frank, J.]).

None of the three money judgments has yet been satisfied.  On September 11, 2023, 979 Second Avenue commenced the current turnover proceeding.

---

[1] The court notes that, although that turnover judgment required Wah-Mart, as grantor, to transfer title to Units 35E and 5J to 979 Second Avenue, the title company that filed the judgment on ACRIS mis-designated 979 Second Avenue as the "grantor" and Wah-Mart as the "grantee."

The court notes that the respondents were granted two adjournments to allow them time to find counsel to represent them in this matter. Upon retaining counsel, who filed a notice of appearance on December 10, 2023, the respondents requested another adjournment, indicating that they were going to oppose this petition since they were appealing the underlying judgments. Although this court granted the adjournment, there is no indication that the appeal was perfected or that the judgments were reversed or modified, and certainty no indication that there was any stay of enforcement of the judgments that had been issued by any court. The respondents did not timely file an opposition in this proceeding or request additional time to do so. Thus, the petition has been fully submitted, and the court considers it to be unopposed.

"CPLR 5225(b) provides for an expedited special proceeding by which a judgment creditor can recover 'money or other personal property' belonging to a judgment debtor 'against a person in possession or custody of money or other personal property in which the judgment debtor has an interest' in order to satisfy a judgment" (*Matter of New York Community Bank v Bank of Am., N.A*. 169 AD3d 35, 37-38 [1st Dept 2019], quoting *Matter of Signature Bank v HSBC Bank USA, N.A*., 67 AD3d 917, 918 [2d Dept 2009]). That provision thus is the appropriate provision under which to pursue a turnover proceeding against a bank, trust, or any other person that holds a judgment debtor's liquid assets or personal property on deposit (*see Matter of First Am. Tit. Ins. Co. v Kenderian*, 157 AD3d 891, 891-892 [1st Dept 2018]; *see also Plymouth Venture Partners, II, L.P. v GTR Source, LLC,* 37 NY3d 591, 613-614 [2021] [Wilson, J., dissenting]; Richard C. Reilly, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C5225:1; *see generally Koehler v Bank of Bermuda Ltd.*, 12 NY3d 533, 540-541 [2009]).

More specifically, CPLR 5225(b) provides for a turnover of assets, as sought by 979 Second Avenue here, "[u]pon a special proceeding commenced by the judgment creditor" against an entity such as the bank or trust, which is "in possession of custody" of the judgment debtor's assets. A special proceeding is commenced by the filing of a petition (*see* CPLR 304[a]). Pursuant to CPLR 403(a), "[a] notice of petition" in a special proceeding "shall be

**654423/2023  979 SECOND AVENUE LLC vs. GOLDEN BILLION TRUST ET AL**                     Page 4 of 12
    **Motion No.  001**

4 of 12

served on any adverse party at least eight days before the time at which the petition is noticed to be heard," although a petitioner may demand that a respondent serve an answer to the petition 7 days before the return date of the petition where the petitioner serves the notice of petition 12 days before the return date. CPLR 403(c) provides that "[a] notice of petition shall be served in the same manner as a summons in an action." CPLR 5225(b) provides that "[n]otice of the [turnover] proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested."

979 Second Avenue properly commenced this proceeding against all of the respondents pursuant to CPLR 5225 to secure an order turning over all non-exempt monies, funds, and/or personal property in possession of the respondents, and it properly served the respondents with all the papers in this proceeding. Thus, this branch of the petition is granted to the extent that either GBT or Bakerhood is in possession of any such assets.

CPLR 5203(a) provides, with certain exceptions not pertinent here, that,

> "[n]o transfer of an interest of the judgment debtor in real property, against which property a money judgment may be enforced, is effective against the judgment creditor either from the time of the docketing of the judgment with the clerk of the county in which the property is located until ten years after the filing of the judgment-roll, or from the time of the filing with such clerk of a notice of levy pursuant to an execution until the execution is returned"

Thus, "a judgment, once docketed, becomes a lien on the real property of the judgment debtor in the county of docketing" (*see Cadle Co. v Calcador*, 85 AD3d 700, 702 [2d Dept 2011]; *Matter of Accounts Retrievable Sys., LLC v Conway*, 83 AD3d 1052, 1053 [2d Dept 2011]; *Soressi y SWF, L.P.*, 81 AD3d 1143 [3d Dept 2011]). Additionally, CPLR 5222(a) provides, in relevant part, that "[a] restraining notice may be issued by the clerk of the court or the attorney for the judgment creditor as officer of the court." CPLR 5222(b) provides that, with certain exceptions not applicable here, "[a] judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with *any property* in which he or she has an interest . . . until the judgment or order is satisfied or vacated" (emphasis added).

**654423/2023   979 SECOND AVENUE LLC vs. GOLDEN BILLION TRUST ET AL**
**Motion No.  001**

Page 5 of 12

While service of a restraining notice served pursuant to CPLR 5222 does not create a lien on real property (*see Freedman v Hason*, 2016 NY Slip Op 32611[U], *4, 2016 NY Misc LEXIS 4877, *6 [Sup Ct, Nassau County, Apr. 11, 2016]), "the restraining notice serves as an injunction prohibiting the transfer of the judgment debtor's property" (*Distressed Holdings, LLC v Ehrler*, 113 AD3d 111, 116 [2d Dept 2013]).

Thus, 979 Second Avenue was and is statutorily entitled to a restraint on the sale or transfer of Chao's and Wah Mart's real property until the judgments are satisfied, either by operation of CPLR 5203(a), by service of a restraining notice upon the respondents pursuant to CPLR 5222(a), or by judicial recognition of the restraint that is memorialized in an order.

The current version of Debtor and Creditor Law § 273(a), enacted pursuant to L 2019, ch 580, § 2, effective April 4, 2020, provides that,

> "[a] transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
>> "(1) with actual intent to hinder, delay or defraud any creditor of the debtor; or
>>
>> "(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>>
>> *****
>> "(ii) . . . believed or reasonably should have believed that the debtor would incur [ ] debts beyond the debtor's ability to pay as they became due."

This section replaced, among other things, former Debtor and Creditor Law § 273-a which was repealed pursuant to L 2019, ch 580, § 2, effective April 4, 2020, and had provided, in relevant part, that,

> "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages . . . is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment."

Inasmuch as Chao effectuated the transfer of Units 35E and 5J to Wah-Mart, and that Chao, on behalf of her alter ego, Wah-Mart, effectuated the conveyance of all three apartment units jointly

**654423/2023   979 SECOND AVENUE LLC vs. GOLDEN BILLION TRUST ET AL**
**Motion No.  001**

Page 6 of 12

6 of 12

[* 6]

to Bakerhood and GBT subsequent to the repeal of Debtor and Creditor Law § 273-a, that provision is inapplicable, and the new version of Debtor and Creditor Law § 273 applies to this dispute. Nonetheless, the petitioner demonstrated that its claim arose prior to the transfers, that Chao's transfers of the apartment units 35E and 5J to Wah-Mart, and Wah-Mart's subsequent transfer of those units jointly to Bakerhood and GBT, as well as Chao's transfer of Unit 4F jointly to Bakerhood and GBT on behalf of Wah-Mart, were clearly effectuated without fair consideration, and that Chao "believed or reasonably should have believed" that she would incur "debts beyond" her "ability to pay as they became due," specifically, that she or Wah-Mart would become subject to a judgment debt in the two actions and one proceeding described above.

Hence, these conveyances are voidable by 979 Second Avenue, even if it cannot demonstrate that Chao "intended" the transfers to hinder or delay its ability to collect any money judgment against her or Wah Mart. The debtor respondents thus are deemed to own the apartment units for the purposes of restraining their further transfer or sale, and for the purpose of compelling sale of the apartment units to satisfy the judgment entered against them in the two prior actions and one prior proceeding. The court concludes that, by commencing the instant proceeding, 979 Second Avenue has elected to void all of the relevant transfers.

Debtor and Creditor Law § 276-a provides in pertinent part that,

> "[i]n an action or special proceeding under this article in which a judgment creditor who has been awarded by court order or agreement or has waived attorney's fees available to prevailing parties by the terms of the statute under which the creditor's underlying claim arose, or representative asserting the rights of such judgment creditor, recovers judgment avoiding any transfer or obligation, the justice or surrogate presiding at the trial shall fix the reasonable attorney's fees of the creditor, or creditor representative, incurred in such action or special proceeding under this article as an additional amount required to satisfy the creditor's claim, and the creditor, or creditor representative, shall have judgment therefor against the debtor…"

Inasmuch as 979 Second Avenue has obtained several judgments against the debtor respondent, including an additional judgment restraining them from making any further

**654423/2023  979 SECOND AVENUE LLC vs. GOLDEN BILLION TRUST ET AL**
**Motion No.  001**

[* 7]

transfers, the court concludes that 979 Second Avenue is entitled to an award of reasonable attorneys' fees. Given that 979 Second Avenue has yet to submit an affirmation of attorneys' services, bills, or invoices to support its request for such an award, it is directed to submit such an affirmation and supporting documentation on or before October 11, 2024, after which the court will issue a supplemental order addressing the issue and directing the entry either of amended or separate money judgments.

The two underlying actions were commenced to recover on a personal guaranty of a commercial lease of real property in Manhattan. By executing the guaranty in New York, Chao voluntarily submitted to personal jurisdiction of this court, including jurisdiction over assets that she holds, or over which she has control, in New York (*see Hotel 71 Mezz Lender LLC v Falor,* 14 NY3d 303, 312 [2010]). Where, as here, "a court acquires jurisdiction over the person of one who owns or controls property, it is equally well settled that the court[ ] can compel observance of its decrees by proceedings *in personam* against the owner within the jurisdiction" (*id.* [citation and internal quotation marks omitted]).

Upon motion or petition of a judgment creditor,

> "the court may appoint a receiver who may be authorized to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment"

(CPLR 5228[a]). Additionally,

> "The appointment of a receiver pursuant to CPLR 5228(a) is 'entirely a matter of discretion.' *Drucker v Drucker*, 53 Misc 2d 446 (Sup. Ct. 1967). A receiver should only be appointed 'when a special reason appears to justify one.' *Hotel 71 Mezz Lender LLC v Falor,* 14 NY3d 303, 317 (2010). In deciding whether the appointment of a receiver is justified, courts have considered the '(1) alternative remedies available to the creditor . . . ; (2) the degree to which receivership will increase the likelihood of satisfaction . . . ; and (3) the risk of fraud or insolvency if a receiver is not appointed.' Id. (internal citation omitted). 'A receivership has been held especially appropriate when the property interest involved is intangible, lacks a ready market, and presents nothing that a sheriff can work with at an auction, such as the interest of a psychiatrist/judgment debtor in a professional corporation of which he is a member.' Siegel, N.Y. Prac. § 512 (5th ed.); *Udel v Udel*, 82 Misc 2d 882, 884 (NY City Civ Ct 1975)"

**654423/2023   979 SECOND AVENUE LLC vs. GOLDEN BILLION TRUST ET AL**                                                   **Page 8 of 12**
**Motion No.  001**

8 of 12

(*Patterson Belknap Webb & Tyler LLP v Stewart*, 2016 NY Slip Op 31645[U], \*3, 2016 NY Misc LEXIS 3155, \*5 [Sup Ct, N.Y. County, Aug. 29, 2016]).

The petitioner established that, in light of Chao's conduct in the prior three matters, the apartment units in which Chao and Wah-Mart hold an interest continue to remain at risk of being dissipated or alienated due to fraud or insolvency (*see* CPLR 6402; *Matter of Sobol*, 14 AD3d 426, 427 [1st Dept 2005]; *Dolgoff v Projectavision, Inc.*, 235 AD2d 311, 312 [1st Dept 1997]).  It has demonstrated that it would be appropriate for the court to appoint a receiver of those properties.  Thus, the court will issue a supplemental order appointing said receiver.

Finally, the court concludes that while the prior judicial determination that Chao and Wah-Mart are each other's alter egos is res judicata, 979 Second Avenue has not submitted sufficient facts to prove that Chao, GBT, and Bakerhood are each other's alter egos.  Thus, that branch of the petition is denied.

Accordingly, it is,

ORDERED that the branch of the petition seeking a turnover of monies is granted, without opposition, and the respondents Golden Billion Trust, Bakerhood Realty, Inc., and Wah-Mart Group (NY) Corp., are directed to turn over, to the petitioner, all sums up to the amount of $605,205.95, representing the three money judgments entered against Yue Wah Chao in the principal sums of $105,732.62, $30,767.76, and $468,705.57, respectively, plus simple statutory post-judgment interest at 9% per annum on those sums from March 17, 2022, November 3, 2022, and March 8, 2023, respectively, that they currently hold on account for Yue Wah Chao, less any amount that is statutorily exempt from execution and turnover; and it is further,

ORDERED that Golden Billion Trust, Bakerhood Realty, Inc., Wah-Mart Group (NY) Corp., and Yue Wah Chao be, and hereby are, prohibited from selling, transferring, or encumbering the real property and apartment units located at 325 Fifth Avenue, #35E, New York, New York, 155 West 71st Street, #5J, New York, New York, and 50 Bayard Street, #4F,

**654423/2023   979 SECOND AVENUE LLC vs. GOLDEN BILLION TRUST ET AL**
**Motion No.  001**

Page 9 of 12

9 of 12

[* 9]

New York, New York, and any other real property in which Yue Wah Chao and Wah-Mart Group (NY) Corp. may have an ownership interest, pending further order of the court; and it is further,

ORDERED that, upon the service upon them of a copy of this decision and order, with notice of entry, Golden Billion Trust and Bakerhood Realty, Inc., shall forthwith transfer, to 979 Second Avenue, LLC, the title to and interest in apartment units designated as 325 Fifth Avenue, #35E, New York, New York, 155 West 71st Street, #5J, New York, New York, and 50 Bayard Street, #4F, New York, New York, to the extent that they are valued up to the sum of $605,205.95, plus prejudgment interest, as set forth above; and it is further,

ORDERED that the deeds (a) from Yue Wah Chao to Wah-Mart Group (NY) Corp., dated February 28, 2022, and recorded in the Automated City Register Information System on March 3, 2022, CRFN 2022000094565, and (b) from Wah-Mart Group (NY) Corp. jointly to Golden Billion Trust and Bakerhood Realty, Inc., dated March 2, 2023, and recorded in the Automated City Register Information System on March 22, 2023, CRFN 2023000072959, referable to real property located at 325 Fifth Avenue, Unit 35E, New York, New York, designated as Block 862, Lot 1500, Unit 35E, on the tax maps of the Borough of Manhattan, be, and hereby are vacated, voided, and cancelled, and the Office of the New York City Register shall update its records to reflect that those deeds are vacated, voided, and cancelled; and it is further,

ORDERED that the deeds (a) from Yue Wah Chao to Wah-Mart Group (NY) Corp., dated February 28, 2022, and recorded in the Automated City Register Information System on March 4, 2022, CRFN 2022000096317, and (b) from Wah-Mart Group (NY) Corp. jointly to Golden Billion Trust and Bakerhood Realty, Inc., dated March 2, 2023 and recorded in the Automated City Register Information System on March 24, 2023, CRFN 2023000075094, referable to real property located at 155 West 71st Street, Unit 5J, New York, New York, designated as Block 1143, Lot 1253, Unit 5J, on the tax maps of the Borough of Manhattan, be, and hereby are vacated, voided, and cancelled, and the Office of the New York City Register

**654423/2023  979 SECOND AVENUE LLC vs. GOLDEN BILLION TRUST ET AL**
**Motion No. 001**

Page 10 of 12

10 of 12

[* 10]

shall update its records to reflect that those deeds are vacated, voided, and cancelled; and it is further,

ORDERED that the deed from Wah-Mart Group (NY) Corp. jointly to Golden Billion Trust and Bakerhood Realty, Inc., dated March 2, 2023, and recorded in the Automated City Register Information System on March 24, 2023, CRFN 2023000075081, referable to real property located at 50 Bayard Street, Unit 4F, New York, New York, designated as Block 202, Lot 1054, Unit 4F on the tax maps of the Borough of Manhattan, be, and hereby is vacated, voided, and cancelled, and the Office of the New York City Register shall update its records to reflect that this deed is vacated, voided, and cancelled; and it is further,

ORDERED that, on or before October 11, 2024, the petitioner shall submit an affirmation of attorneys' services, bills, and invoices to support their application for an award of attorneys' fees; and it is further,

ORDERED that the branch of the petition seeking the appointment of a receiver is granted, with the appointment of the receiver to be effectuated pursuant to a separate order; and it is further,

ORDERED that the petition is otherwise denied; and it is further,

ORDERED that, within 15 days of the entry of this order, the petitioner shall serve a copy of this order with notice of entry upon Golden Billion Trust, Bakerhood Realty, Inc., Wah-Mart Group (NY) Corp., and Yue Wah Chao, both by regular mail and by certified mail, return receipt requested; and it is further,

ORDERED that the respondents Golden Billion Trust, Bakerhood Realty, Inc., and Wah-Mart Group (NY) Corp. are directed, within 45 days of service upon them of a copy of this order, with notice of entry, to deliver, to 979 Second Avenue, LLC, the sum of $605,205.95, representing the three money judgments entered against Yue Wah Chao in the principal sums of $105,732.62, $30,767.76, and $468,705.57, respectively, plus simple statutory post-judgment interest at 9% per annum on those sums from March 17, 2022, November 3, 2022, and March

**654423/2023   979 SECOND AVENUE LLC vs. GOLDEN BILLION TRUST ET AL**
**Motion No.  001**

**Page 11 of 12**

11 of 12

8, 2023, respectively, that they currently hold on account or for the benefit of Yue Wah Chao, less any amount that is statutorily exempt from execution and turnover.

This constitutes the Decision and Order of the court.

_____8/21/2024_____
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**654423/2023  979 SECOND AVENUE LLC vs. GOLDEN BILLION TRUST ET AL**
**Motion No.  001**

**Page 12 of 12**

12 of 12